## PEOPLE *v.* ANDREAS PICO.

In an action for the collection of delinquent taxes, under the Act of May 17th, 1861, the complaint must aver the fact of the failure of the Tax Collector to collect the delinquent tax, by reason of his inability to find, seize, or sell property belonging to the delinquent.  A complaint which fails to make this averment shows no cause of action.

No action can be maintained under said act for a tax on real estate, unless the

People v. Pico.

assessment has sufficiently designated the property to enable a proper descrip-
tion of it to be given in the complaint. A description of the land assessed as
"the unsold portion" of eleven square leagues of land known as Los Mokel-
amos, is fatally defective.

APPEAL from the Fifth Judicial District.

This is an action brought by the District Attorney of San Joa-
quin county, under the Act of May 17th, 1861, (Laws of 1861,
471) concerning the collection of delinquent taxes, to recover of the
defendant, Andreas Pico, the sum of $2,671.66, alleged to be the
amount of delinquent taxes assessed against certain real property
belonging to the defendant, in the years 1859 and 1860.

The property, against which it is charged that the taxes were
assessed, is described in the complaint as follows.

"The unsold portion of eleven square leagues of land known as
Los Mokelamos, containing 31,260 acres, bounded north by public
lands, east by public lands, south by lands of C. M. Weber, and
west by tule lands."

The defendant demurred to the complaint, and the demurrer was
overruled. No answer being filed by defendant, the plaintiff had
final judgment for the amount sued for, from which judgment the
defendant appeals.

D. W. Perley, for Appellant.

I. The complaint is insufficient, because it does not show the
statutory ground for commencing the action. It does not allege
that the Tax Collector had failed to collect the taxes, by reason of
his inability to find, seize or sell property.

This is a vital and material portion of the Act, and should have
been averred in the complaint as one of the probative facts.

II. The description of the property is fatally defective.

Attorney General, for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J.
concurring.

The second section of the Act to Legalize and Provide for the
Collection of Delinquent Taxes in the Counties of this State, passed

People *v.* Pico.

May 17th, 1861, enacts that if the Tax Collector of any county shall fail to collect the delinquent taxes mentioned in the preceding section, by reason of his inability to find, seize, or sell property belonging to the delinquent, it shall be the duty of the District Attorney to commence a civil action to recover the unpaid taxes. No right of action or authority to bring an action under that act is given, except in cases in which the Tax Collector shall fail to collect the delinquent tax for the reason above mentioned. The complaint in this case, although averring the action to be brought in pursuance of the act, omits altogether to state the fact of the failure of the Tax Collector to collect the delinquent tax for the reason above specified, or for any reason. Without such an averment the complaint shows no cause of action under that act.

The same section requires the complaint to state the kind and quantity of property assessed, both real and personal; and if any real, to describe the same. The action is to recover delinquent taxes on real estate, and the real estate is described in the complaint as the "unsold portion" of eleven square leagues of land known as Los Mokelamos. This is probably the manner in which the land was designated in the assessment roll, but it describes nothing. By whom unsold? What part is the unsold portion? If it had been sold by the Tax Collector by that designation, what specific part of the eleven square leagues would the purchaser have acquired? To give any effect to this description, it would be necessary to reject the words "unsold portion," and consider it as a description of the whole tract. But there is no reason to suppose the Assessor intended to assess the whole tract to the defendant, and the Court has no authority to make an assessment for him. He may have assessed large portions of the tract to other persons, who may have paid their taxes. The plain intendment of the Act of 1861 is only to authorize an action to recover a tax which had been assessed upon property in such a manner that, if real estate, it could be described in the complaint. If the assessment was fatally defective in this respect, no cause of action could exist under the act. For this defect, also, we think the complaint shows no cause of action.

The demurrer, therefore, should have been sustained.

Judgment reversed and cause remanded.