PEOPLE, Respondent, v. R. H. WATERMAN and M. H. RITCHIE, Administrators of A. A. RITCHIE et al., Appellants.

No. 409; March 6, 1865.

**Taxation.**—In an Action to Collect Delinquent Taxes, an averment in the complaint, that "the tax collector had failed to collect the delinquent tax aforesaid by reason of his inability to find, seize or sell property of the delinquents," is a material averment, so that an answer denying it is neither irrelevant nor frivolous.

**Taxation.**—In an Action to Collect Delinquent Taxes an answer denying an averment in the complaint that "the tax collector

had failed to collect the delinquent tax aforesaid by reason of his inability to find, seize or sell property of the delinquents," is not contrary to the act of 1861, page 471, which provides that the defendant in such cases shall not be allowed to show any informality in the levy or assessment as a defense.

Taxation.—In an Action to Collect Delinquent Taxes an answer denying an averment in the complaint that "the tax collector had failed to collect the delinquent tax aforesaid by reason of his inability to find, seize or sell property of the delinquents," indicates a defense on the ground, not that the defendants were not liable to pay the taxes sued for, but that the suit had been brought prematurely.

Attorney General and J. E. Ford, District Attorney, for respondent; Whitman & Wells for appellants.

SHAFTER, J.—This is an action brought under the act of May 17, 1861, for the collection of delinquent taxes, levied under the revenue act of 1857, upon certain lands situate in the county of Napa, belonging and assessed to the estate of A. A. Ritchie, and the defendant Forbes. The defendants filed an answer which was subsequently struck out on motion, as being irrelevant and frivolous. The defendants having failed to file an amended answer within the time limited by the court, judgment was entered in favor of the people.

The complaint contained an allegation that "the tax collector had failed to collect the delinquent tax aforesaid by reason of his inability to find, seize or sell property belonging to the delinquents," which allegation the answer denied. The question is upon the materiality of the averment. The case of People v. Pico, 20 Cal. 595, and of People v. Holladay [25 Cal. 300] (April term, 1864) are decisive that the averment was a material one. The point presented in no manner involves the meaning or constitutionality of that clause of the second section of the act of 1861 (p. 471), which provides that the defendant shall not be allowed to set up or show any informality in the levy or assessment as a defense—such defendant being allowed only to "plead" two defenses particularly named. The answer here set up no new matter; the traverse was of a material fact, and a decision of the issue so raised involved no inquiry into the formality of the assessment nor into the formality of the levy. The defense, it will be seen, did not go upon the ground that the defendants were not liable to pay the

taxes sued for, but upon the ground that the suit had been brought prematurely.

Judgment reversed and new trial ordered.

We concur: Sanderson, C. J.; Sawyer, J.; Rhodes, J.; Currey, J.