E. J. Moses v. John McFarlin.

(No. 5547.)

Evidence — Tax deed. — Insufficient description of land in tax-rolls renders them inadmissible to support tax deed.

Appeal from Burnet county. Opinion by Watts, J.

Statement. — On October 12, 1883, appellee sued appellant in trespass to try title for the land in suit. Appellant pleaded not guilty. It was agreed that appellee owned the land in fee-simple on January 1, 1880. Appellant claimed title by and through a tax sale and deed, the latter being dated November 12, 1884.

Opinion. — Appellant claimed the land by virtue of a tax sale and deed, and in support of that claim offered as evidence the tax-rolls of the county for the year 1879, reciting that five hundred acres of the survey had been listed by the assessor as unrendered land and assessed to unknown owner. This was excluded by the court. The statute then in force required the assessor to list and assess all unrendered land in his county, specially directing how he should list and assess the same. In listing and assessing the property the law required him to describe it. Gen. Laws of 1876, p. 269, § 14.

If the tax-roll was inadmissible as evidence of a valid listing and assessment, that offered in this case contained no such description as would lead to the identification of the land.

Five hundred acres of land out of a six hundred and forty acre survey were attempted to be listed and assessed. From that description, how could the five hundred acres be found? What corner or point in any of the lines would be taken as a beginning to determine anything with reference to it? There is no question but that, in addition to the description given in listing and assessing land, other matters of description may be given in the tax deed; but where there is no description given in listing and assessing, it

would seem clear that such omission could not be cured by a description of land given in the deed. People v. Flint, 39 Cal., 670; People v. Pico, 20 Cal., 595; Desty on Taxation, p. 567. On this ground we are of the opinion that both the tax-roll and deed were properly excluded by the court below.

AFFIRMED.