[No. 19035.    Department Two. — October 4, 1893.]

## THE PEOPLE, RESPONDENT, v. BARTOLO BALLER-INO ET AL., APPELLANTS.

ACTION FOR TAXES — PARTIES — CUMULATIVE REMEDY. — Section 3899 of the Political Code, which authorizes an action to be brought in the name of the people of the state to recover delinquent taxes under certain circumstances, was not repealed by the act of April 23, 1880 (Stats. 1880, p. 136), which authorizes counties to sue for delinquent county or state taxes. The remedy given by the act of 1880 is cumulative and not exclusive, and does not deprive the people of the state of the right to maintain such an action under section 3899 of the Political Code.

ID. — ACTION BY STATE — PLEADING — OFFER OF PROPERTY FOR SALE — INSUFFICIENT COMPLAINT — TEMPORARY INJUNCTION. — A complaint in an action by the state to recover delinquent state taxes, which fails to allege that the property upon which the tax is delinquent has been offered for sale by the tax collector, or that the controller directed the tax collector to offer it for sale, as required by section 3899 of the Political Code as a condition precedent to the right to maintain such an action, does not state 'facts sufficient to entitle the state to maintain the action; and the defect is not cured by an averment that the defendant procured a temporary injunction restraining the tax collector from selling the property for delinquent taxes.

ID. — CONDITIONS PRECEDENT TO ACTION. — The statute relating to the collection of delinquent state taxes having prescribed the conditions upon which alone the state may proceed by action, the performance of such conditions is essential to the right to maintain the action.

ID. — MANNER OF COLLECTING TAXES — LEGISLATURE. — The manner of collecting taxes rests with the legislature, and when the legislature has prescribed the particular mode, that procedure must be followed, unless it is apparent that it was not intended that such course of procedure should be exclusive.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. The complaint in the action was not in the form prescribed by section 3900 of the Political Code. The other facts are stated in the opinion of the court.

*Horace Allen,* for Appellants.

*James McLachlan,* for Respondent.

DE HAVEN, J.—This action is brought by the people of the state to recover the amount of taxes levied in the year 1888 for state purposes upon certain property of the defendant, Ballerino, situate in the county of Los Angeles. The amount of the delinquent tax exceeds three hundred dollars. The prayer. of the complaint is for a judgment against defendant Ballerino for the amount of such tax, with five per cent for delinquency, and also interest thereon, "and for a decree . . . . that said real estate be sold as provided by law, and that out of the proceeds of such sale said tax so due . . . . to said county . . . . be paid." Judgment was rendered in favor of the plaintiff in accordance with this prayer of the complaint, and the defendant, Ballerino, appeals. By section 1 of "an act prescribing the form of complaints in actions to recover delinquent taxes, and to authorize the bringing of suits therefor" (Stats. 1880, p. 136, Bancroft ed., p. 402), it is provided that "any county, or city and county, where such taxes are delinquent, may sue in its own name for the recovery of delinquent taxes, whether the same be for county, or city and county and state purposes, or taxes, or either of them." The defendant contends that the authority thus given to the county, or city and county, is exclusive, and that the people of the state are not authorized to maintain such actions. We do not think this act should be so construed. Section 3899 of the Political Code authorizes an action to be brought in the name of the people of the state to recover delinquent taxes under certain circumstances. This section of the Political Code is not expressly repealed by the later act of 1880 just cited, and there is no such repugnancy between that section and the act referred to as will justify us in holding that the latter repeals the former by implication. The remedy given by the act of 1880 is more simple, but there is nothing in its language which expressly or by implication deprives the people of the state of the right to maintain an action for the collection of delinquent taxes under the provisions of section 3899 of the Political Code. The remedy given by the act of 1880 is cumulative and not exclusive. But while this is

so, we are of the opinion that the complaint in this action does not state facts sufficient to entitle the people of the state to maintain this action under section 3899 of the Political Code. That section provides:—

"Sec. 3899. The controller may, at any time after a delinquent list has been delivered to a collector, direct such collector not to proceed in the collection of any tax on said list, amounting to three hundred dollars, further than to offer for sale but once any property upon which such tax is a lien. Upon such direction the collector, after offering the property for sale once, and there being no purchaser in good faith, must make out and deliver to the controller a certified copy of the entries upon the delinquent list relative to such tax; and the tax collector or the controller, in case the tax collector refuses or neglects for fifteen days after being directed to bring suit for collection by the controller, may proceed by civil action in the proper court, and in the name of the people of the state of California, to collect such tax and costs."

It is very clear that under this section the people of the state are not authorized to commence an action for the recovery of the delinquent tax until after the property upon which the tax is delinquent has been once offered for sale. This is made by the section a condition precedent to the right to maintain such an action, and it is not alleged in the complaint here that this condition was complied with, or that the controller ever directed the tax collector to only once offer such property for sale. The averment that the defendant procured a temporary injunction restraining the tax collector from selling the property for delinquent taxes, and that this injunction was not dissolved until May 19, 1890, does not cure the defect in the complaint just noticed. The statute having prescribed the conditions upon which alone the state may proceed by action, the performance of such conditions is essential to the right to maintain the action. The manner of collecting taxes rests with the legislature, and when the legislature has prescribed the particular mode, that procedure must be followed, unless it is apparent that it was not intended that such course of procedure should be exclusive. (Cooley on Taxation, pp. 13, 200; *Camden* v. *Allen,* 26 N. J. L. 398.)

This principle was applied in the case of *People* v. *Pico*, 20 Cal. 595. Section 2 of the act of 1861 (Stats. 1861, p. 471) contained a provision that, "If the tax collector of the county shall fail to collect the delinquent taxes . . . . by reason of his inability to find, seize, or sell property belonging to the delinquent, it shall be the duty of the district attorney of the county to commence a civil action . . . . to recover the unpaid taxes," and the court in that case construing this language said : "No right of action or authority to bring an action under that act is given, except in cases in which the tax collector shall fail to collect the delinquent tax for the reason above mentioned. The complaint in this case, although averring the action to be brought in pursuance of the act, omits altogether to state the fact of the failure of the tax collector to collect the delinquent tax for the reason above specified, or for any reason. Without such an averment, the complaint shows no cause of action under that act." And this same rule was affirmed in the later case of *People* v. *Holladay*, 25 Cal. 301. We think it equally clear that section 3899 of the Political Code confers no right upon the people of the state to maintain such an action as this, without at least once offering for sale the property upon which the tax is delinquent, in compliance with the terms of that section. The case of *Oakland* v. *Whipple*, 39 Cal. 112, does not conflict with this view. Section 33 of the act of April 24, 1852 (Stats. 1862, p. 337), under which that action arose, conferred upon the district attorney the general authority to commence that action.

The question whether the citizen may be harassed and vexed by two suits to recover the amount of taxes levied for state and county purposes in one year upon property situate in one county — that is, whether the state can maintain an action for its portion, and the county a separate action for the amount levied for county purposes — is not raised by the answer in this case, and we express no opinion upon it.

Other points urged by counsel for defendant are disposed of adversely to his contention in the case of *County of Los Angeles* v. *Ballerino*, *ante*, page 593, the decision in which has just been filed, and it is unnecessary to discuss them here.

Judgment and order reversed.

McFARLAND, J., and FITZGERALD, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.