Filed Jan. 8, 1892.

---

No. 393.

## GOODBUB *v.* SCHELLER.

PLEADING.—*Description of Real Estate.—Complaint.—Amendment.*—Where premises are described in a complaint as having eighty feet front on a certain street, but from other dimensions given it is evident that the pleader intended to say eighteen feet instead of eighty, the Appellate Court will presume the complaint to have been amended to correspond with the proof.

SAME.—*Description of Real Estate.—Rules that Govern.*—In considering the description of real estate in a pleading or instrument, the courts will be controlled, first, by the monuments; second, by the metes and bounds; and, lastly, by the designated quantity.

SAME.—*Conflict Between Exhibit and Complaint.—Description in Exhibit Controls.*—Where there is a conflict between a description in a complaint, and that contained in an exhibit, properly filed with the complaint, the description contained in the exhibit will control.

From the Floyd Circuit Court.

*J. V. Kelso* and *S. D. Kelso*, for appellant.

*C. L. Jewett* and *H. E. Jewett*, for appellee.

REINHARD, J.—The appellee leased to the appellant, in writing, a certain parcel of real estate in the city of New Al-

Goodbub *v.* Scheller.

bany, for the term of five years. After the lease expired the appellee demanded the possession of the premises, and, meeting with a refusal, instituted this action before a justice of the peace, where he recovered judgment. The cause was appealed to the circuit court, where it was tried *de novo,* and the appellee was awarded judgment for possession, and damages for the detention. The only alleged error which the appellant relies upon is the overruling of his motion for a new trial. One of the reasons assigned for the motion was the insufficiency of the evidence. It is claimed that there is a fatal variance between the complaint and the proof, in the matter of the description of the premises. In the complaint the ground was described as follows :

" The east 18 feet of the west 38½ feet of the front 90 feet of lot No. 2, on Upper Market street, being 80 feet front on said street, and extending back the same width 90 feet," etc.

The written lease in evidence contains the following description :

" The east 18 feet of the west 38½ feet of the front 90 feet of Lot No. 2, Upper Market street."

It is quite apparent that instead of " 80 feet front," what the pleader really intended to say was " 18 feet front," for " the east 18 feet " could not be 80 feet, nor more than 18 feet in width. If we take Lot No. 2 to have a north frontage of 90 feet on Upper Market street, as each of the descriptions clearly points out, and first cut off from the west end thereof 38½ feet, and then from the piece so obtained we take off 18 feet from the east end running back the full depth of the lot, which, in the description given in the complaint, is declared to be 90 feet, we have the premises in controversy 18 feet front and 90 feet deep.

Doubtless the trial court might have permitted the appellee to make the amendment in the manner above indicated so as to conform to the proof. The amendment, being to correct a mere informality, will be deemed by this court to

have been properly made. *Buchanan* v. *State, ex rel.*, 106 Ind. 251; *Simons* v. *Busby*, 119 Ind. 13.

There are other reasons why the appellant's contention can not prevail. It is a well-known rule that in considering the description of real estate in a pleading or instrument, the courts will be controlled, first, by the monuments; second, by the metes and bounds; and, lastly, by the designated quantity. *Allen* v. *Kersey*, 104 Ind. 1. Tested by this rule, the statement in the complaint, " being 80 feet front on said street," which is one of quantity merely, must be controlled by the statement preceding it, viz.: " The east 18 feet of the west 38½ feet of the front 90 feet of lot No. 2," which is one of boundary, or of courses and distances, rather than of quantity.

Again : The foundation of the appellee's action is the written lease, and this is properly filed as an exhibit with the complaint in the case at bar. The description in the lease is admitted to be the correct one. But where there is a conflict between a description in a complaint, and that contained in an exhibit, properly filed with such complaint, the latter controls. *Cotton* v. *State, ex rel.*, 64 Ind. 573; *Bayless* v. *Glenn*, 72 Ind. 5; *Avery* v. *Dougherty*, 102 Ind. 443.

Hence, we conclude that there is no variance.

The appellant also contends that the evidence fails to show that the appellant had possession of the disputed premises when this suit was commenced. If it was necessary to prove such possession, the evidence abundantly establishes it. The appellant himself testified that he had had the property seven years, and that during the last five years he had held it under a written lease. As a reason for his refusal to surrender the place, he claimed that Scheller said he might hold the property as long as he (appellant) wanted it, if he would pay as much rent for it as any one else, and he (Scheller) did not want it himself. This, coupled with the written lease, in evidence, gave the court ample ground for finding that

the appellant was unlawfully holding over, if the appellee was required to prove it.

We are not able to discover any error in the record.

Judgment affirmed.

Filed Jan. 8, 1892.