Filed Dec. 21, 1893.

———————◆———————

No. 1,086.

THE ARCANA GAS COMPANY v. MOORE.

PLEADING.—*Variance Between Allegations of Complaint and Exhibit.—Effect of.*—Where there is a conflict between the allegations of a complaint and a written instrument which is the basis thereof, and filed as an exhibit therewith, the latter controls.

STENOGRAPHER.—*Duties of.—Transcript.—Time for.*—It is not the duty of an official reporter to know that time, or what time, has been granted in which to file a bill of exceptions. It is simply her duty to furnish the transcript within the time given her by the party ordering the same, if such time is reasonable and sufficient.

From the Grant Circuit Court.

*G. W. Harvey* and *A. De Wolf*, for appellant.

*O. A. Baker, A. E. Steele, R. T. St. John* and *W. H. Charles*, for appellee.

Ross, J.—The appellee, who was the official stenographer of the Grant Circuit Court, sued the appellant upon an account for services rendered at its instance and request, in making out a transcript of the evidence in a cause tried in said court, to which appellant was a party defendant.

A demurrer was filed to the complaint and overruled, thereupon appellant filed its answer in two paragraphs, to the second paragraph of which appellee filed a reply. There was a trial by the court, and special finding of the facts made, with conclusions of law thereon, to which conclusions exceptions were taken by the appellant. Af-

The Arcana Gas Company *v.* Moore.

ter overruling a motion for a new trial, interposed by appellant, the court rendered judgment for the appellee.

The complaint is in the ordinary form upon an account.

Counsel for appellant insist that the court erred in overruling the demurrer to the complaint, for the reason that the allegations of the complaint are that appellant is indebted to her for stenographic and transcribing services done and performed by her for it, while the account, which is filed as an exhibit to the complaint, is for "twenty-six pages, of three hundred words each, of transcript of record,  *  *  at ten cents per one hundred words," and "six hundred and three pages, of three hundred words each, of transcript of record and testimony  *  *  , at ten cents per one hundred words."

In support of their contention, counsel say: "The contention of the appellant is that the exhibit contradicts the complaint, and for that reason the complaint is subject to demurrer."

Where there is a conflict between the allegations of a complaint and a written instrument which is the basis thereof, and filed as an exhibit therewith, the latter controls. *Goodbub* v. *Scheller*, 3 Ind. App. 318; *Parker* v. *Teas*, 79 Ind. 235; *Hines* v. *Driver*, 100 Ind. 315; *Avery* v. *Dougherty*, 102 Ind. 443; *Blount* v. *Rick*, 107 Ind. 238.

We fail to observe the distinction, contended for by counsel, that there is a variance between the allegations of the complaint and the account filed therewith. The account is not for goods sold and delivered, but for services rendered in making the transcript of the evidence. The law fixes the rate which shall be the basis of the charge for such services. Section 1409, R. S. 1881.

There was no error in overruling the demurrer to the complaint.

The court, at appellant's request, made a special finding of facts, with conclusions of law thereon.   Proper exceptions were saved to the conclusions of law, and an assignment predicated thereon is made in this court.

Under this assignment, it is urged, on behalf of appellant, that the averments of the complaint are not supported by the findings, and that hence the court erred in its conclusions of law.

The court finds that the appellee, at the instance and request of the appellant, transcribed 629 pages of evidence, each page containing 300 words, for which she was entitled to recover ten cents per hundred words.   We think this is sufficient as a finding that the appellee rendered services for the appellant in transcribing the evidence. The facts found are clearly within the issues.

The court found, that the case in which the appellee rendered services in making a transcript of the evidence was tried at the April term, 1892, of said court, and eighty days from May 27th, 1892, were allowed appellant in which to file its bill of exceptions; that appellant's attorney directed appellee to transcribe the evidence, and informed her that she would have ninety days in which to complete said transcript, and that she did complete and deliver it to appellant's attorney on the 18th day of August, 1892.

The appellant insists that the facts disclose that the appellee was the official court reporter, and that she was bound to know that the record disclosed that appellant had been granted but eighty days in which to file its bill of exceptions, hence, she must rely upon the record, and not upon the time granted her by appellant's attorney for making the transcript.   We can not agree with counsel in this contention,   Parties desiring to file a bill of

exceptions containing the evidence should ask, and it is the duty of the court to allow, sufficient time in which to prepare such bill.   But it is not the duty of the 'official reporter either to have the time granted or even to know that time has been granted.   It is simply the duty of a reporter to furnish the transcript within the time designated by the party ordering it, if the time in which it is to be furnished is reasonable and sufficient.

There is no error in the record.

Judgment affirmed.

