Filed Jan. 23, 1894.

———◆———

No. 1,180.

## LAKE ERIE AND WESTERN RAILROAD COMPANY v. WALTERS.

LIEN.—*Street Assessment.*—*Description of Property.*—*Sufficiency of Complaint.*—*Railroad.*—Where, in an action to enforce a street assessment lien against the right of way of a railroad company, the complaint only described the property as "a strip of ground 134 feet long, abutting on North Main street, between Broadway and North streets," such description is insufficient and renders the complaint bad, the land not being capable of being located or surveyed from such description.

SAME.—*Action in Rem.*—*In Personam.*—The fact that the property foreclosed against, in such case, can not be sold to satisfy the lien, does not change the character of the action from one *in rem* to one *in personam.*

From the Howard Circuit Court.

*M. Bell, W. C. Purdum, W. E. Hackedorn* and *J. B. Cockrum,* for appellant.

*J. F. Morrison* and *J. E. Holman,* for appellee.

REINHARD, J.—Action by appellee against appellant to enforce a statutory lien on a portion of appellant's right of way in the city of Kokomo for a street improvement assessment.

Upon issues joined there was a finding and judgment for appellee.

The overruling of appellant's demurrer to the complaint is assigned as error. The appellant's contention is that the description of the property assessed is wholly insufficient.

The averment respecting the property assessed is as follows: "That among other lots, parcels of ground and property assessed for the improvement of said street and abutting thereon was the following described unplatted tract of land owned by the defendant, situate in said city, county, and State, to wit: The right of way of defendant's railroad, and being a strip of ground 134 feet long, abutting on North Main street, between Broadway and North streets."

The record of the proceedings before the municipal authorities is filed with the complaint, and in the report of the civil engineer of the city the description of the property in controversy, alleged to have been assessed, is as follows:

| Name of Owner. | No. of Lot. | Ft. Front. | Description of Lands. | Assessments. |
|---|---|---|---|---|
| L. E. & W. R. R. Co. | ......... | 134 | Right of Way. | $164 82 |

Appellant earnestly insists that the description is in-

sufficient in several particulars, viz:   1. It fails to show upon which side of Main street the railroad track or right of way is located.   2. It does not give the width of such right of way.   3. It entirely fails to disclose the place of beginning and termination of said 134 feet of the right of way upon which the lien is claimed.

The proceeding to enforce a lien for an assessment on account of street improvements is *in rem*, and ordinarily no personal judgment may be rendered against the owner in such a proceeding.

The only reason why a personal judgment may become a proper and available remedy in certain cases of this character, where the proceeding is against a railroad company to enforce a lien upon its railroad property and franchises, is that it would be contrary to public policy to decree the sale of the specific property to which the lien has attached, and as the lienor might otherwise be left without any remedy whatever, equity will, in a proper case, award such lienor the right of collecting the amount due him by virtue of the lien, in the way of such personal judgment. See *Lake Erie, etc., R. R. Co.* v. *Bowker*, 9 Ind. App. 428, and authorities there cited and reviewed.

The fact, however, that this remedy may, in proper instances, be invoked will not change the character of the action from one *in rem* to one *in personam*.

The lien is still the only basis of the right of action, and in an action to enforce his rights under such lien the plaintiff is required to show, not only that he has a lien, but, also, that he would be entitled to a decree foreclosing the same, except for the fact that it is upon railroad property, the sale of which might interfere with the rights of the public.

In the present case, the failure to so describe the property in the complaint that it could be located or surveyed,

renders the complaint bad. Conceding that it is not necessary to give the width of the right of way, it is nevertheless essential to show, we think, at what point on the right of way the 134 foot strip assessed begins, and where it terminates. This is not indicated. Somewhere between Broadway and North streets, abutting on Main street, 134 feet in length of the appellant's right of way was assessed. This is the most that can be said of the description. Whether the right of way abuts on Main street all the way between Broadway and North streets, or only for a distance of 134 feet, we are not informed; nor does it appear what is the entire' distance between Broadway and North streets. In short, no data are given whatever, by which the court may judicially determine where the 134 feet in length has its beginning and its termination.

Appellee's counsel insist that the report of the civil engineer shows that all of the property between Broadway and North streets abuts on Main street, and that as all the property so abutting is described in the report as having been assessed, the 134 feet referred to must be what remains after taking off all other lots described in such report.

This position is not tenable. It is true that a list of lots, on both sides of Main street, including the 134 feet of appellant's right of way in controversy, is set out in the report referred to as having been assessed at certain sums respectively. But there is nothing in said report which shows that all the property lying along the line of the improvement has been assessed, and that all property so assessed is contained in the list furnished, and we are not permitted to indulge the presumption that such is the case.

For the purposes of this action, it was not necessary that the report of the civil engineer should set forth a

complete list of all the lots assessed, and we can not presume that this has been done. In point of fact, however, some of the lots named in the list referred to are shown to be situated on the west side of the street, and some on the east side, as indicated by the engineer's report as well as by the plat appended to the brief of appellees' counsel, and it is not made to appear upon which side the right of way is situate. Nor can we agree with counsel that the description would be sufficient if contained in a deed. No description of real estate by which the title is sought to be transferred can be held sufficient unless it is sufficiently definite, either by the language of the description itself or by reference to other available data, to enable a surveyor to survey such property in a parcel to itself, and we do not think the description in hand meets this requirement. It is, therefore, so defective that the complaint can not be upheld on demurrer.

The same question, substantially, is presented by the ruling of the court on the motion for a new trial, the admission in evidence of the imperfect record of assessment being assigned as a cause in such motion.

The ·record introduced in evidence is no better than the record pleaded, and it fails to show that the appellee had a lien on any specific portion of appellant's right of way. Other questions are discussed by counsel, but, in view of the conclusion reached with reference to the insufficiency of the complaint, they need not now be considered.

Judgment reversed, with directions to sustain the demurrer to the complaint, and to grant the appellee leave to amend, if asked for.

Filed April 27, 1894.