BEAKLEY *v.* ROBERT.

RECORDING LAWS—QUITCLAIM DEEDS.

The recording of a quitclaim deed by a grantee for value, without notice, does not give priority over a senior warranty deed defectively recorded; a purchaser by quitclaim not being a *bona fide* purchaser within the recording laws (3 Comp. Laws 1897, § 8988).

Error to Houghton; Hubbell, J. Submitted January 6, 1899. Decided May 23, 1899.

Replevin by Albert Beakley and George Hall against Prosper Robert. From a judgment for plaintiffs, defendant brings error. Affirmed.

*W. E. Gray,* for appellant.

*Chadbourne & Rees,* for appellees.

HOOKER, J. The defendant has appealed from an adverse judgment in an action of replevin. On the trial, his defense consisted in a claim of title to the land from which the cord-wood replevied was cut. Streeter was the common grantor of the parties. March 20, 1873, he conveyed, by warranty deed, to Moralee and Olds, and the deed was recorded, but with a mistake in the description. They afterwards deeded to the plaintiffs, these deeds being duly recorded. On July 17, 1886, Streeter gave a quitclaim deed of the premises to Cameron, and on December 24, 1887, Cameron quitclaimed to Prosper Robert, the defendant, who took his deed without notice, unless the erroneous record was notice. His deed being recorded, it is now claimed that he acquired title by virtue of the recording laws (3 Comp. Laws 1897, § 8988), which make the deed of a *bona fide* purchaser in good faith, for a

120 MICH.—14.

valuable consideration, valid, in preference to a prior unrecorded deed. In this instance, however, the defendant's chain of title from the common grantor to himself contains nothing but quitclaim deeds. Streeter, having once sold and conveyed it, had nothing left to convey. Authorities are numerous that one who takes by deed of quitclaim is not a *bona fide* purchaser. Thus, it is said in *May* v. *Le Claire*, 11 Wall. 217, that "one who has acquired his title by a quitclaim deed cannot be regarded as a *bona fide* purchaser without notice;" in *Oliver* v. *Piatt*, 3 How. 333, "A purchaser by a deed of quitclaim, without any covenant of warranty, is not entitled to protection in a court of equity as a purchaser for a valuable consideration, without notice, and he takes only what the vendor could lawfully convey;" in *Dickerson* v. *Colgrove*, 100 U. S. 578, "A grantee by deed of quitclaim is not a *bona fide* holder;" and in *Baker* v. *Humphrey*, 101 U. S. 494, "No one taking a quitclaim deed can stand in the relation of a *bona fide* purchaser." In the case of *DeVeaux* v. *Fosbender*, 57 Mich. 588, the late Mr. Justice CAMPBELL expressed a doubt of the *bona fide* character of such a holding; while the case of *Peters* v. *Cartier*, 80 Mich. 129 (20 Am. St. Rep. 508), expressly holds such grantee not to be a *bona fide* purchaser in a case substantially like the present. See, also, *Johnson* v. *Williams*, 37 Kan. 181 (1 Am. St. Rep. 243), where many authorities are cited.

I am of the opinion that the judgment should be affirmed.

The other Justices concurred.