### THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. O'BRIEN.

[No. 2,967.   Filed April 25, 1900.]

MUNICIPAL CORPORATIONS.—*Street Improvements.*—*Final Estimate.*—*Description of Property.*—A description of the property assessed in a final estimate of a street improvement against a railroad company as 65.65 feet of its right of way is insufficient, under the provisions of §4293 Burns 1894, requiring that the final estimate shall contain a full description of each lot or parcel of ground bordering on the street so improved. *pp. 547-552.*

SAME.—*Street Improvements.*—*Final Estimate.*—*Description of Property.*—*Pleading.*—A defective description of the real estate in a street improvement assessment is not cured by a correct description in a complaint to foreclose the lien. *pp. 549, 550.*

From the Madison Circuit Court. *Reversed.*

*J. W. Lovett* and *F. E. Holloway*, for appellant.
*C. M. Greenlee* and *B. R. Call*, for appellee.

WILEY, C. J.—This is an action by appellee against appellant to enforce a statutory lien upon a portion of appellant's right of way in the city of Alexandria for a street improvement assessment. A demurrer to the complaint was overruled, an answer in denial, and a finding and judgment for appellee. Appellant's motion for a new trial was overruled, and these adverse rulings are assigned as errors. Several objections are urged to the complaint, but the one to which the principal argument is addressed is that the

description of the property assessed, as shown by the assessment roll, which is made an exhibit to the complaint, is wholly insufficient. If appellant's objections to the complaint for this reason are well grounded, other questions presented need not be noticed.

The final estimate of the cost of the improvement was made by the engineer, and the assessments made against the abutting property were approved and confirmed by the common council. In the final estimate of the engineer is this statement: "The following is the final estimate of the cost and expense, at the contract price, of the improvement by Patrick T. O'Brien, of Church street, of said city from the west line of Harrison street to the C. C. C. & St. L. Ry. Co.'s right of way." The final estimate shows the total cost of the improvement, its length, and the average cost per running front foot. Appended to the final estimate is a list of property owners, the number of front feet owned by each, the amount due on each lot or parcel of land, and what purports to be "a full description, together with the owner's name, of each lot or parcel of ground bordering on said part of said street so improved." That part of the assessment roll which attempts to describe the real estate owned by appellant, and by which it is sought to create a liability against it, is as follows:

Alexandria, Ind., Nov. 16, 1896.

| Name of Owner. | No. Feet. | Description of Lands. | Average Cost per Running Foot. | Total Cost. | Am't of Assessm't Against Property. |
|---|---|---|---|---|---|
| Cleveland, Cincinnati, Chicago and St. Louis Ry. Co. | 65.65 | Right of Way. | $3.863 | $253.61 | $253.61 |

We do not deem it necessary to refer to the complaint at any length, as the argument is largely directed to the alleged insufficiency of the description of the property, as shown by the assessment roll.

In the case of *Lake Erie, etc., R. Co.* v. *Walters,* 9 Ind. App. 684, the nature of this class of actions was discussed, in which it was held that, though the action was *in rem,* it would be contrary to public policy to decree the sale of the specific property, and that the lien holder might collect the amount due him by virtue of the lien in the way of a personal judgment. In that case, Reinhard, J., speaking for the court, said: "The fact, however, that this remedy may, in proper instances, be invoked will not change the character of the action from one *in rem* to one *in personam.* The lien is still the only basis of the right of action, and in an action to enforce his rights under such lien the plaintiff is required to show, not only that he has a lien, but, also, that he would be entitled to a decree foreclosing the same, except for the fact that it is upon railroad property, the sale of which might interfere with the rights of the public."

Section 4293 Burns 1894, provides that, when any such street improvement has been completed, a final estimate shall be made by the engineer, and, among other things, such engineer is required to report "the full description, together with the owner's name of each lot or parcel of ground bordering on said street so improved"; and the "amount of such cost for improvement due upon each lot or parcel of ground," etc. The amount so found and reported by the engineer, if approved by the common council (§4294 Burns 1894), is assessed against each lot or parcel of ground, and such assessment creates a lien and is the basis of an action to enforce such lien. Being the basis of the action, a copy of such assessment must be filed with the complaint as an exhibit. *Van Sickle* v. *Belknap,* 129 Ind. 558; *City of Terre Haute* v. *Mack,* 139 Ind. 99; *Sloan* v. *Faurot,* 11 Ind. App. 689. The assessment, to constitute such lien, must describe the real estate with sufficient accuracy so that it may be definitely located. In this case the complaint describes by metes and bounds a parcel of ground referred to as the "right of way" of the Cleveland, Cincin-

nati, Chicago & St. Louis Railway Company, and, as we have seen, refers to the final estimate and assessment against appellant's "right of way", copies of which are filed as exhibits. Counsel for appellee do not contend that the assessment, as shown by the exhibits, sufficiently describes the real estate so as to create a lien, but argue that a correct description is given in the complaint, and that this cures the defect. This position is not tenable. The lien is not acquired by the averments of the complaint. As we have seen, the assessment is the basis of the action, and, as made and approved, is a written instrument. The rule prevails that, where a cause of action is founded upon a written instrument, and there is a variance between a copy of it filed with the pleading as an exhibit and the statements of the pleading, the exhibit will control. *Goodbub* v. *Scheller*, 3 Ind. App. 318; *Arcana Gas Co.* v. *Moore*, 8 Ind. App. 482; *Dunlap* v. *Eden*, 15 Ind. App. 575; *Globe, etc., Ins. Co.* v. *Reid*, 19 Ind. App. 203; *Harrison, etc., Co.* v. *Lackey*, 149 Ind. 10. So that the assessment, as made and confirmed, which shows in itself that the property described is merely the "right of way" of appellant, is not aided by the averments of the complaint.

This court, in the case of *Lake Erie, etc., R. Co.* v. *Walters*, 9 Ind. App. 684, had the exact question here before it, and held that the description of the property was so indefinite and uncertain that no lien was created. There the assessment roll, as made by the engineer, showed the following:

| Name of Owner. | No. of Lot. | Feet Front. | Description of Lands. | Assessments. |
|---|---|---|---|---|
| L. E. & W. R. R. Co. | | 134 | Right of Way. | $164.82 |

It was held that such description was so defective that the complaint could not be upheld on demurrer.

The case of *Becker* v. *Baltimore, etc., R. Co.*, 17 Ind. App. 324, is also in point.  There the assessment against the property of appellee, as made and confirmed, was as follows:

| Names of Owners. | No. of Lot. | No. of Feet Front. | Rate per Foot. | Amount. |
|---|---|---|---|---|
| O. & M. R. W. Co. | Tract of land north side between Front St. and O. & M. R. R. Tract of land south of Broadway, between Front St. and O. & M. R. R.............. | 130  130 | 1.92  1.92 |  $499.20 |

In the decision of that case the court said: "The assessment should not be held void or invalid if it sufficiently identifies the land so that it might be found and located by a competent surveyor.  We are unable, however, to see how it could be located, or its correct description arrived at, from the description given in the assessment, by any means known to the science of surveying.  'Tract of land, north side, between Front street and O. & M. R. R.,' does not describe any tract of land, nor does it furnish any data from which its true description might be ascertained.  It does not fix any starting point; it gives no metes and bounds, and furnishes no means of identification.  The maxim, '*Certum est quod certum reddi potest*,' is not applicable here, for the reason that there is no means of making certain that which is so uncertain and indefinite.  The rule only applies where there is some means, either by computation, measurement, or in such case as this the science of surveying, that what is uncertain may be made certain.  It has been held that the property assessed must be so described that a person acquainted with surveying could find and identify it.  *Yeakel* v. *City of Lafayette*, 48 Ind. 116; *Peru, etc., Co.* v. *Hanna*, 68 Ind. 562.  It is evident, from the description of the property in the case at bar, that even an

expert surveyor could not find and identify it." There is no definite description of the property assessed; in fact there is no description at all. The owner's name is given as the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. We know as a matter of common knowledge that this railway company owns many miles of railroad in this State, and that one of its branches runs entirely through the city of Alexandria and Madison county. We know also that it owns many miles of right of way. So it is evident that 65.65 feet of its right of way, as here described, is not a sufficient description by which to make an assessment and create a lien. From these authorities, we see no escape from the conclusion that the complaint now before us is fatally defective. Having reached this conclusion, it is unnecessary to decide the questions presented by the motion for a new trial.

Judgment reversed, with instructions to the court below to sustain appellant's motion for a new trial, and to sustain its demurrer to the complaint.