## Brown *v.* Reeves & Company.

[No. 4,624.  Filed October 27, 1903.]

QUIETING TITLE.—*Tax Sale.*—*Description.*—A description of real estate in a notice of tax sale and certificate of sale as "lot one, Col. W. Co." is too indefinite and uncertain to support a suit to quiet title.  *pp. 518, 519.*

TAX SALES.—*Description.*—Section 8601 Burns 1901 requires that land be advertised for tax sale by same description as on tax duplicate.  *pp. 519, 520.*

SAME.—*Imperfect Description.*—*Lien.*—Where in a suit to quiet title to lands under a tax sale certificate it appeared that defendant had obtained title through a sale and subsequent conveyance under a partition proceeding, and there was nothing of record to show that the land had been sold for taxes because of the imperfect description thereof, the court properly held that the tax sale was invalid and did not convey title, but that the lien of the State was transferred to plaintiff, and that he was entitled to a first lien for the amount he paid together with penalties and interest.  *p. 520.*

From Bartholomew Circuit Court; *F. T. Hord,* Judge.

Suit by James S. Brown against Reeves & Company to quiet title. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*W. H. Everroad* and *C. B. Cooper,* for appellant.
*Marshall Hacker* and *R. H. Spaugh,* for appellee.

WILEY, J.—Action by appellant against appellee to quiet title to real estate. Trial by court. Finding and judgment against appellant. Appellant moved for a new trial for the reasons: (1) That the decision of the court was not sustained by sufficient evidence; and (2) that the decision of the court was contrary to law—and this motion was overruled. Such ruling is the only error assigned. Appellant claims title by virtue of a tax sale, and deed thereunder.

There is one reason at least why the judgment can not be disturbed under the evidence: The real estate was not properly described in the notice of sale. The correct description of the property in controversy is: "Lot one in the Columbus Wheel Company and M. T. Reeves' addition to the city of Columbus." It was advertised for sale for delinquent taxes as "Lot 1, Col. W. Co." The county auditor entered the sale on the register of sales in his office as follows: "1 Col. W. Co. & M. T. R. the whole." On the tax duplicate for 1885 the real estate was described as follows: "Description of land and name of town, Col. W. Co. In-lots one." The lot was returned as delinquent for the unpaid taxes of 1885, and was sold at tax sale February 14, 1887, for such delinquency and the taxes of 1886. Appellant, as purchaser, received a certificate of sale, but did not surrender it to the auditor or demand a deed until May 2, 1901. The description "lot 1, Col. W. Co." is too indefinite and uncertain, and in fact is meaningless. It does not give sufficient data from which the real estate could be located. From the description a competent surveyor could not identify or find the lot. There is no means known to the science of surveying by which its correct description could be ascertained. It follows that the maxim, *"certum est quod certum reddi potest"* is not applicable here for the reason that there is no means of making certain that which is so uncertain and indefinite. The rule only applies where there is some means, either by computation, measurement, or, in such case as this, the science of surveying, that what is uncertain may be made certain.

Thus, in *Becker* v. *Baltimore, etc., R. Co.*, 17 Ind. App. 324, it was held in a street improvement case that "tract of land, north side, between Front street and O. & M. R. R." did not describe any tract of land, and that it did not furnish any data from which its true description might be ascertained. And in *Lake Erie, etc., R. Co.* v.

Brown *v.* Reeves & Co.

*Walters,* 9 Ind. App. 684, it was held that the descrip-
tion "L. E. & W. R. R. Co. Ft. front 134, Right of way,"
was insufficient to fix a lien for a street assessment.  To
the same effect is the holding in *Cleveland, etc., R. Co.*
v. *O'Brien,* 24 Ind. App. 547.  In the case of *State, ex
rel.,* v. *Casteel,* 110 Ind. 174, 186, it was held that an
insufficient description of the land in a tax sale will defeat
the title, but will not defeat the lien.  It was there said:
"The lien will hold if the purchaser can show what prop-
erty was intended to be taxed, but the title will not pass
if the description is defective."  The same rule has been
adhered to in subsequent decisions.  *Morrison* v. *Jacoby,*
114 Ind. 84; *Millikan* v. *City of Lafayette,* 118 Ind. 323;
*Hall* v. *Barnes,* 123 Ind. 394; *City of Logansport* v. *Case,*
124 Ind. 254.  The sale of the real estate in controversy,
upon the notice given, was invalid, and hence did not con-
vey title under the express provision of the statute.  Sec-
tion 8631 Burns 1901 provides: "No sale or conveyance
of land for taxes shall be valid,  *  *  *  if the descrip-
tion is so imperfect as to fail to describe the land or lot
with reasonable certainty," etc.

The rule, as indicated by the authorities above cited
and the statute just quoted, obtains in other jurisdictions,
as illustrated by the following cases:  *Wallace* v. *Brown,*
22 Ark. 118, 76 Am. Dec. 421; *Bidwell* v. *Webb,* 10 Minn.
59, 88 Am. Dec. 56; *Jackson* v. *Sloman,* 117 Mich. 126,
75 N. W. 282; *Upton* v. *People, ex rel.,* 176 Ill. 632,
52 N. E. 358; *Turner* v. *Hand County,* 11 S. D. 348,
77 N. W. 589; *Van Cise* v. *Carter,* 9 S. D. 234, 68 N.
W. 539; Black, Tax Titles, §112; *Power* v. *Larabee,* 2
N. D. 141, 49 N. W. 724; *Woods* v. *Freeman,* 1 Wall.
398, 17 L. Ed. 543; *Tidd* v. *Rines,* 26 Minn. 201, 2 N. W.
497; *Lawrence* v. *Fast,* 20 Ill. 338, 71 Am. Dec. 274.

Another reason why the sale for taxes is invalid in this
case, is because the lot was not advertised for sale in the

description as the same was described on the tax duplicate. The statute requires this to be done. §8601 Burns 1901.

Appellee obtained title to the real estate through a sale and subsequent conveyance under a partition proceeding, and there was nothing of record to indicate that it had been·sold for taxes, because the attempted description in the notice of sale and register of sales was no description at all, and therefore it was not notice to it. The court below held that the sale was invalid, and did not convey title, but that the lien of the State was transferred to appellant, and gave him a first lien for the amount he paid, together with penalties and interest, including subsequent payments. The amount was ascertained by the court, for which judgment was rendered, and declared to be a first lien. This result is in harmony with the statute and decided cases. §8632 Burns 1901; *Sloan* v. *Sewell,* 81 Ind. 180; *Reed* v. *Earhart,* 88 Ind. 159; *Peckham* v. *Millikan,* 99 Ind. 352; *Scott* v. *Millikan,* 104 Ind. 75; *State, ex rel.,* v. *Casteel, supra; Travellers Ins. Co.* v. *Martin,* 131 Ind. 155; *Scarry* v. *Lewis,* 133 Ind. 96.

The abbreviations, purporting to be a description of the real estate disclosed by the notice of sale have no fixed meaning. "Col." does not stand for nor signify Columbus, "W." does not stand for "wheel" and "M. T. R." does not stand for "M. T. Reeves." Our conclusion is that the sale was invalid, and the subsequent conveyance under it did not convey title, because of a failure properly to describe the real estate in the notice of sale.

Appellant urges upon us the proposition that a tax deed is *prima facie* evidence of the regularity of the sale, and of the title in the holder. This is both statutory and adjudicated law, and there is no contention to the contrary. §8624 Burns 1901; *Richard* v. *Carrie,* 145 Ind. 49; *Doren* v. *Lupton,* 154 Ind. 396. But appellant's *prima facie* case as made by his tax deed is overthrown by the facts disclosed by the record, and about which there is no

conflict.   Counsel have discussed other questions, but the view we have taken of the law as applied to the evidence makes it unnecessary to decide them.

There is no reversible error in the record.   Judgment affirmed.