## SULLENGER *v.* BAECHER.

[No. 7,842.   Filed April 16, 1913.   Rehearing denied June 28, 1913. Transfer denied January 14, 1914.]

1. TAXATION.—*Tax Deeds.—Validity.—Defective Description.*—A tax deed to land forming a part of survey No. 17, containing 200 acres, based on descriptions in the various tax records as part of lot 17, township 1, range 10, 100 acres, was wholly ineffective to convey title, since the description was insufficient to identify the land sought to be conveyed. p. 367.

2. TAXATION. — *Records. — Description. — Sufficiency.* — It is the policy of the law to preserve and enforce the lien of taxes, and courts will sustain descriptions in tax records to enforce such lien which would be insufficient to convey title by a tax deed based thereon. p. 368.

3. TAXATION. — *Tax Deeds. — Validity.— Presumptions.* —The presumption arising from the *prima facie* case made upon the question of title under §10380 Burns 1908, Acts 1891 p. 199, §206, providing that a tax deed shall be *prima facie* evidence of the

regularity of the sale and all prior proceedings, as well as *prima facie* evidence of the premises described in the deed, and of a good and valid title in fee simple in the grantee of such deed, is subject to be rebutted by evidence showing the description to be so defective as to render the deed ineffectual to convey title. p. 369.

4. APPEAL.—*Weighing Evidence.—Records.*—It is the province of the court on appeal to declare what force and effect shall be given to evidence consisting entirely of records. p. 369.

5. DEEDS.—*Title of Vendor.— Bona Fide Purchaser.— Statutes.*— The grantee in a quitclaim deed from one who had been divested of his rights and interest by sale in bankruptcy proceedings took no title unless he was at the time a good faith purchaser for a valuable consideration within the meaning of §3962 Burns 1908, §2931 R. S. 1881. p. 370.

6. VENDOR AND PURCHASER.—*Evidence as to Purchase in Good Faith.—Burden of Proof.*—The grantee in a quitclaim deed from one who had been divested of his rights and interest, if he relies on such deed to establish title in himself, has the burden of proving that he was a purchaser in good faith and for a valuable consideration, without notice either actual or constructive of the rights of the person to whom the title of his grantor had previously passed. p. 370.

7. DEEDS.—*Quitclaim Deed.—Effect.*—Except in so far as the grantee in a quitclaim deed may be protected by the recording act, the effect of such a deed is limited to the estate or interest held by the grantor at the time of its execution. p. 371.

8. VENDOR AND PURCHASER.— *Bona Fide Purchaser.— Purchaser Under Quitclaim Deed.*—The grantee in a quitclaim deed may be entitled to the protection afforded a *bona fide* purchaser on establishing by proof that the purchase was in good faith and that the consideration paid was a fair price. p. 371.

9. VENDOR AND PURCHASER.— *Bona Fide Purchaser.— Evidence.— Sufficiency.*—Where one seeking to establish title in himself by virtue of a quitclaim deed from a grantor who had been divested of all right and interest in the land conveyed failed to prove that the consideration paid was a fair or reasonable price for the land, the evidence failed to show that he was a *bona fide* purchaser for value and was insufficient to sustain a verdict on the theory that he acquired title by such deed. p. 372.

From Knox Circuit Court; *William H. Hill,* Special Judge.

Action by Englebert A. Baecher against Mary Sullenger. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*B. M. Willoughby* and *James M. House,* for appellant.

*Samuel W. Williams* and *Robert G. Cauthorn,* for appellee.

LAIRY, J.—Appellee recovered a judgment in the Knox Circuit Court quieting his title as against appellant to a certain tract of land in Knox County, Indiana. The only error assigned on appeal is the action of the trial court in overruling appellant's motion for a new trial.

For some time prior to the year 1904, Henry L. Wheatley was the owner of the real estate in controversy and was in possession of the same. On February 11, 1907, appellee purchased the land at a sale for taxes assessed against Henry L. Wheatley for the year 1906 and previous years, and received a certificate therefor. On February 12, 1909, the auditor of Knox County, upon presentation of this certificate, executed and delivered to appellee a tax deed, upon which appellee bases his claim of title to the land involved in this suit. At the time this action was brought, appellant was in possession of the land, claiming title thereto as heir of her father, Henry C. Mooney and by virtue of an unrecorded deed executed to him by the trustee in the bankruptcy proceeding of Henry L. Wheatley.

The first specification of appellant's motion for a new trial challenges the sufficiency of the evidence to sustain the verdict. Appellant's contention is that the tax deed 1. upon which appellee relies is not sufficient to convey title for the reason that the description contained in the records made for taxation purposes is so uncertain, indefinite and imperfect that no valid deed could be based thereon. It appears from the evidence that survey No. 17, of which the land in controversy formed a part, contained about 200 acres of land. The land which appellee purchased at the tax sale is described in the entry for taxation on the tax duplicate of Knox County as follows: "Henry L. Wheatley Part Lot 17, Township 1, Range 10, 100 acres." The description in the notice of tax sale is in the words and

figures following: "Henry L. Wheatley pt. lot 17, tp. 1, range 10, 100 acres." In the delinquent list returned by the auditor the description is: "Pt. lot 17, Township 1, Range 10, acres 100. Johnson Township, Knox County, Indiana." In the tax sale record the land is described as follows: "All Survey 17 Township 1, Range 10, 100 acres, Johnson Township." and in the tax certificate upon which the deed purports to be issued the description reads: "Part of Sur. 17, Town one Range Ten containing 100 acres in Johnson Township, Knox County, Indiana." It is apparent we think that none of these descriptions were sufficient to indicate what part of survey 17 was covered by the description. No surveyor from this description alone would be able to locate and identify the particular tract intended, for the reason that 100 acres of land laid off any place within the survey would meet and comply with all of the terms of the description. Under the decisions of the courts of this State, the deed based upon these descriptions was wholly ineffective to convey title. *Cooper* v. *Jackson* (1880), 71 Ind. 244; *Ball* v. *Barnes* (1890), 123 Ind. 394, 24 N. E. 142; *Armstrong* v. *Hufty* (1901), 156 Ind. 606, 55 N. E. 443, 60 N. E. 1080; *Brown* v. *Reeves & Co.* (1903), 31 Ind. App. 517, 68 N. E. 604; *Green* v. *McGrew* (1905), 35 Ind. App. 104, 72 N. E. 1049, 73 N. E. 832, 111 Am. St. 149; *Reed* v. *Earhart* (1882), 88 Ind. 159; *Ford* v. *Kolb* (1882), 84 Ind. 198.

It is the policy of the law to preserve and enforce the lien of taxes, and, with that end in view, courts have frequently sustained descriptions in tax records for the purpose of enforcing the lien, which, under the decisions of the same courts, would be clearly insufficient to convey title by a tax deed based thereon. *State, ex rel.* v. *Casteel* (1887), 110 Ind. 174, 11 N. E. 219; *Peckham* v. *Millikan* (1885), 99 Ind. 352; *Sloan* v. *Sewell* (1881), 81 Ind. 180.

Appellee relies upon §10380 Burns 1908, Acts 1891 p.

199, §206, which contains the following provision: "Such deed shall be *prima facie* evidence of the regularity of the sale of the premises described in the deed, and

3. of the regularity of all prior proceedings, and *prima facie* evidence of a good and valid title in fee-simple in the grantee of said deed." He correctly asserts that by force of this statute, the introduction of the tax deed in evidence was sufficient to make a *prima facie* case in his favor upon the question of title. This may be conceded but the presumption arising from the *prima facie* case so made is subject to be rebutted by evidence, and in this case it is so rebutted by evidence showing that the description of the land in the tax records upon which the deed is based is so defective as to render the deed ineffectual to convey title. This conclusion is not reached as a result of weighing conflicting parol evidence. The evidence which rebuts

4. the *prima facie* case consists entirely of records, and it is the province of the court to declare what force and effect shall be given to evidence of this character. *Sallee v. Soules* (1907), 168 Ind. 624, 81 N. E. 587; *State, ex rel.* v. *Board, etc.* (1905), 165 Ind. 262, 74 N. E. 1091.

Other questions presented by this appeal are not considered for the reason that they will not probably arise upon another trial. The judgment is reversed with directions to grant a new trial.

## ON PETITION FOR REHEARING.

LAIRY, J.—Appellee recovered a judgment against appellant quieting his title to certain lands. The original opinion holds that the verdict is not sustained by the evidence. To sustain his complaint, appellee traced the title from the government to a man named Henry L. Wheatley. He then introduced a tax deed for the land in question from the auditor of Knox County to himself, based upon a tax sale of the land as the property of Henry L. Wheatley. He also

introduced a quitclaim deed from said Wheatley to himself for the same land. The original opinion holds that the tax deed was ineffective to convey title and we are still content with this holding. Upon petition for rehearing, appellee calls our attention to the fact that we did not in the original opinion discuss the effect of the quitclaim deed; and it is earnestly contended that this deed constitutes some evidence of title sufficient to sustain the verdict of the jury. This question was not seriously pressed upon the consideration of the court by the original briefs and for this reason it was not discussed in the opinion; but it was referred to in the briefs of appellee and was sufficiently presented to save the question from being waived.

The quitclaim deed by which Henry L. Wheatley released and quitclaimed to appellee all his right, title and interest in and to the land in question, bears date of May 18, 1909. The evidence shows without dispute that on May 25, 1904, long prior to the execution of this deed, Henry L. Wheatley had been divested of all his title and interest in this land by a sale thereof in bankruptcy proceedings. Our attention is called to some minor defects and irregularities in the proceedings leading up to the execution of the deed of the trustee in the bankruptcy proceedings, but it is not contended that they are of such a character as to render the deed void. The sale was confirmed by the bankruptcy court and the deed was sufficient to divest the title formerly held by Wheatley, the bankrupt. This being true, he had no title to convey at the time he made the quitclaim deed to appellee, and no title passed by this deed unless appellee was at the time a good faith purchaser for a valuable consideration within the meaning of the recording act of this State. §3962 Burns 1908, §2931 R. S. 1881.

The burden rested upon appellee, as the plaintiff below, to establish his title; and if he relied for that purpose on a deed from a former owner, executed after such owner had parted with the title, it was incumbent

on him to prove that he was a purchaser in good faith and for a valuable consideration. This would require him to offer evidence to prove that at the time he received the conveyance, he had no notice, either actual or constructive, of the rights of the person to whom the title of his grantor had previously passed. The deed executed by Wheatley to appellee on May 18, 1909, was a mere quitclaim deed. Except in so far as the grantee may be protected by

7. the recording act, the effect of such a deed is limited to the estate or interest held by the grantor at the time of its execution. *Bryan* v. *Uland* (1885), 101 Ind. 477; *Stephenson* v. *Boody* (1894), 139 Ind. 60, 38 N. E. 331.

Is the grantee in a quitclaim deed protected by the recording act against prior unrecorded conveyances or incumbrances or other equities affecting the title of his grantor?

Some cases have gone to the extent of holding that the

8. character of the deed is of itself enough to warn the grantee that he is getting a doubtful title, and that such grantee is conclusively presumed not to be a purchaser in good faith such as will be protected by the registry laws. *Snow* v. *Lake's Admr.* (1884), 20 Fla. 656, 51 Am. Rep. 625; *Beakley* v. *Robert* (1899), 120 Mich. 209, 79 N. W. 193; *Smith's Heirs* v. *Branch Bank, etc.* (1852), 21 Ala. 125; *Steele* v. *Sioux Valley Bank* (1890), 79 Iowa 339, 44 N. W. 564, 18 Am. St. 370, 7 L. R. A. 524. Other cases announce the doctrine that a grantee in a quitclaim deed is not precluded by the form of the instrument of conveyance from proving that he is a *bona fide* purchaser for value, and that if it is established by evidence that the grantee took the deed with no knowledge of any outstanding conveyance or obligations respecting the property and without notice of any fact which, if followed up, would lead to such knowledge, he is entitled to the protection of a *bona fide* purchaser, upon further proof that the consideration stipulated has been paid and that such consideration was a fair price for the land or the interest designated as conveyed. *Meikel* v. *Bor-*

*ders* (1891), 129 Ind. 529, 29 N. E. 29; *Moelle* v. *Sherwood* (1893), 148 U. S. 21, 13 Sup. Ct. 426, 37 L. Ed. 350; *Babcock* v. *Wells* (1903), 25 R. I. 23, 54 Atl. 596, 105 Am. St. 848, and note thereto.

We think that the doctrine last announced is more consonant with reason and that it is supported by the weight of authority. The Supreme Court of this State has held that the grantee in a quitclaim deed may be entitled to the protection afforded a *bona fide* purchaser. *Smith* v. *McClain* (1896), 146 Ind. 77, 45 N. E. 41. In the opinion in this case, the court at page 84 says: "While there is some conflict in the authorities upon this question, we think that the correct doctrine under the recording acts is that, one may become a *bona fide* purchaser under a quitclaim deed, the same as under any other form of conveyance."

The fact alone that appellee accepted a quitclaim deed does not, in our opinion, conclusively show that he was not a good faith purchaser for value and he was not thereby precluded from showing, if he could, that the consideration named in the deed and actually paid was the fair cash value of the land conveyed, and that at the time the deed was executed, he had no knowledge of any unrecorded deed or other outstanding equities affecting the title. The burden was upon appellee to establish such facts if he sought to bring himself within the protection of the recording statute providing that prior unrecorded conveyances shall be void as against any subsequent purchaser in good faith and for a valuable consideration. §3962 Burns 1908, §2931 R. S. 1881.

The consideration which was named in the deed and which was actually paid as shown by the undisputed evidence was $10. There is no evidence in the record tending to

9. prove that this was a fair or reasonable price for the land or the interest therein designated. The evidence, therefore, fails to show that appellee was a good faith purchaser for value under the quitclaim deed introduced in the evidence; and, if the verdict in favor of appellee is based

upon the theory that he acquired title to the land in controversy under and by virtue of this deed, the evidence fails to sustain it upon that theory.

We have examined the other questions presented by the petition for rehearing and we find no reason to change our views as expressed in the original opinion.

Petition overruled.

NOTE.—Reported in 100 N. E. 517; 102 N. E. 380. As to effect of quitclaim deed, see 105 Am. St. 854. As to whether holder under quitclaim is *bona fide* purchaser, see 1 Am. St. 247. As to the effect of a quitclaim deed on after-acquired title, see 35 L. R. A. (N. S.) 1182. As to what interests and rights of the grantor pass by a quitclaim deed, see Ann. Cas. 1913 C 363. See, also, under (1) 37 Cyc. 1445; (2) 37 Cyc. 1052; (3) 37 Cyc. 1465; (4) 3 Cyc. 377; (5) 39 Cyc. 1696; (6) 39 Cyc. 1780; (7) 13 Cyc. 653; (8) 39 Cyc. 1693; (9) 39 Cyc. 1784.