[No. 6,455.—Department No. 1.]

## THE PEOPLE v. MAHONEY.

ASSESSMENT—DESCRIPTION—TAX SUIT.—A description sufficiently certain to convey land, between man and man, and which, if contained in an agreement to convey, would authorize a Court of Equity to decree a specific execution, may not answer in a proceeding to enforce the collection of a tax. In the latter case the description must be certain of itself, and not such as to require evidence *aliunde* to render it certain. *Held*, accordingly, that an assessment, one of the calls of which was, " * * * north by the lands of James Reagan *and others*," was void; and so *held*, also, with reference to an assessment, which described the land as "bounded * * * south by the lands of Felton and Patterson."

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Sixth District Court, County of Sacramento. DENSON, J.

*Geo. Cadwalader*, for Appellant.

The description in the assessment is vague, uncertain, and unintelligible, and the assessment therefore void. (*Ferris v.*

*Coover*, 10 Cal. 632; *Kelsey* v. *Abbott*, 13 id. 609; Blackwell on Tax Titles, 124; *Tallman* v. *White*, 2 Comst. 70; *Perkins' Lessee* v. *Dibble*, 10 Ohio, 433; *Dike* v. *Lewis*, 4 Denio, 238; *Keane* v. *Cannovan*, 21 Cal. 302; *Hannel* v. *Smith*, 15 Ohio, 134; *Richardson* v. *State*, 5 Blackf. 51; *Brown* v. *Dinsmoor*, 3 N. H. 103; *Bank of Utica* v. *Mersereau*, 3 Barb. Ch. 528; *Tripp* v. *Ide*, 3 R. I. 51; *Amberg* v. *Rogers*, 9 Mich. 332; *Orton* v. *Noonan*, 23 Wis. 102; *Curtis* v. *Supervisors*, 22 id. 167; *Yenda* v. *Wheeler*, 9 Tex. 408; *Lafferty's Lessee* v. *Byers*, 5 Ohio, 458; *Lessees of Massie's Heirs* v. *Long*, 2 id. 287; *Stewart* v. *Allen*, 13 Mich. 641; *Douglas* v. *Dangerfield*, 10 Ohio, 152; *People* v. *Pico*, 20 Cal. 595; *People* v. *Mariposa Co.* 31 id. 196; *Lachman* v. *Clark*, 14 id. 131; *Kelsey* v. *Abbott*, 13 id. 609; *People* v. *Cone*, 48 id. 427; *People* v. *Hyde*, id. 431; *San Francisco* v. *Quackenbush*, 53 id. 52; *Grimm* v. *O'Connell*, 54 id. 522; *Huntington* v. *C. P. R. R. Co.* 2 Sawy. 503.)

*P. Dunlap*, for Respondent.

The tax was properly levied, and is legal. (*People* v. *Latham*, 52 Cal. 601.)

ROSS, J.:

The motion to dismiss the appeal was virtually passed upon, and was denied by our predecessors.

The only question upon the merits of the cause relates to the sufficiency of the description of the property assessed, which is as follows: " 1,013.86 acres of land, being a portion of the San Pedro Rancho, bounded as follows: North, by the lands of James Regan and others; east, by the line of the San Pedro Rancho; south, by the Pacific Ocean; and west, by the lands of Richard Tobin. Also 15 acres of land, being a portion of the San Pedro Rancho, bounded on the north by the lands of Richard Tobin; south, by the lands of Felton and Patterson; west, by the Pacific Ocean; east, by the lands of Richard Tobin."

The statute, in force at the time the assessment in question was made, required that land should be assessed " by township,

range, section, or fractional section ; and, when such land is not a congressional division or subdivision, by metes and bounds, or other description sufficient to identify it, giving an estimate of the number of acres, locality, and the improvements thereon."

It is hardly necessary to say that tax proceedings are *in invitum*, and to be valid, must be in strict accordance with the statute. It may be conceded that the description here in question would be good in a deed, or agreement between private persons, but that is not the test of sufficiency in a case of this nature. In Blackwell on Tax Titles, page 124, it is said : " A description sufficiently certain to convey land between man and man, and which, if contained in an agreement to convey, would authorize a Court of Equity to decree a specific execution, will not answer in the proceedings to enforce the collection of a tax. In the case of private transactions, the courts, in construing the document, endeavor to collect the intention of the parties, and give that intention effect. If a latent ambiguity exists in the description, parol evidence is resorted to for the purpose of explaining it, and giving to the intention of the parties complete operation; and when the estate intended to be conveyed is sufficiently described in the deed or other writing, the addition of a circumstance, false or mistaken, will be rejected as surplusage in order to carry that intention into effect. But in these tax proceedings the owner of the estate has nothing to do ; he intends nothing. The government is acting, through its agents, in hostility to him, and with the view of enforcing the collection of a tax from him."

In *Keane* v. *Cannovan*, 21 Cal. 302, the Court quoted with approval the rule as stated by Blackwell, and said : " It is not sufficient that a similar description, in a contract or conveyance between individuals, might be shown by parol evidence to have been intended for particular premises. The description must be certain *of itself*, and not such as to require evidence *aliunde* to render it certain. * * * Certainty in the description is required to apprise the owner that his property is advertised for sale, and to enable him to prevent the sale by the payment of the taxes thereon, and to impart information to bidders of the actual extent and location of the premises to be sold. All subsequent proceedings depend upon this certainty. An inaccurate

or an uncertain description defeats every step subsequently taken, and, as we have already said, the uncertainty cannot be cured by evidence *aliunde.*" So, in *People* v. *Cone,* 48 Cal. 429, in speaking of the assessment there in question, the Court said : " The assessment sought to be enforced in this action is void on its face. It describes by metes and bounds a large tract of land, as that which is assessed, but excepts from the assessment several parts of the larger tract which had been previously conveyed ; and the excepted portions are not described by metes and bounds, nor in any manner, except by a reference to the unrecorded deeds. It is impossible to ascertain from the assessment, on its face, what particular lands were intended to be assessed, and what excepted. In order to determine with any reasonable certainty the particular tract described, it would be necessary to make a laborious search of the records, and possibly to invoke the aid of a surveyor. The deeds referred to in the assessment might prove, on examination, to be so vague in the descriptive calls as to leave it doubtful what lands they include. * * * The statute requires that the description, either by common designation or name, or by metes and bounds, shall appear on the face of the assessment roll, so that by inspecting it the owner and all other persons may know what particular land is assessed. This assessment is void, for a failure to comply with the statute in this respect."

In the assessment under consideration, the first piece of property is described as being bounded " on the north by the lands of James Regan *and others.*" A more uncertain and indefinite boundary than this can scarcely be conceived. Who the " others " are whose lands are said to bound the tract attempted to be assessed does not appear upon the face of the assessment, and extrinsic evidence, as we have seen, cannot be resorted to for the purpose of showing.

The south boundary of the second piece of property attempted to be assessed is but little, if any, more certain. Neither description is sufficient to constitute a valid assessment. (See authorities *ante.* Also, *People* v. *Pico,* 20 Cal. 595 ; *People* v. *Mariposa County,* 31 id. 196 ; *Kelsey* v. *Abbott,* 13 id. 609 ; *People* v. *Hyde,* 48 id. 431 ; *San Francisco* v. *Quackenbush,* 53 id. 52 ; *The Bank of Utica* v. *Mersereau,* 3 Barb. Ch. 528 ;

*Perkins* v. *Dibble*, 10 Ohio, 433; *Tripp* v. *Ide*, 3 R. I. 51; *Amberg* v. *Rogers*, 9 Mich. 332.)

Motion to dismiss the appeal denied. Judgment and order reversed, and cause remanded.

McKINSTRY, J., and McKEE, J., concurred.