[Jones, Adm'r, v. Pelham et al.]

# Jones, Adm'r *v*. Pelham *et al*.

### *Statutory Action of Ejectment.*

1. *Declarations of party in possession.*—The declarations of a party in possession of property, explanatory of his possession, are admissible evidence as a part of the *res gestæ*, though not made in the presence of his adversary; but the principle does not extend to declarations respecting the source of his title.

2. *Adverse possession, as between landlord and tenant.*—When a party goes into possession of land as the tenant of another person, or by permission of another, his assertion of a hostile claim or title in himself, not brought to the knowledge of the person under whom he thus entered, is not sufficient to put the statute of limitations in operation; nor are his declarations asserting such claim or title in himself admissible as evidence in his favor unless connected with other evidence showing notice or knowledge thereof by the person under whom he entered.

3. *Assessment of land for taxation; sufficiency of description.*—An assessment of property for taxation, under the revenue law of 1868 (Sess. Acts, 1868, p. 301, § 7), in which it is described as "a house and lot on Battle street in the town of Talladega, the property of C. P.," without other descriptive or identifying words, is void for uncertainty, when it is shown that C. P. owned two adjoining houses and lots on said street.

4. *Possession, actual and constructive.*—Actual occupancy of part of a tract of land, under an instrument which is operative as color of title, draws constructive possession of the entire tract as therein described; but this principle does not apply where the written instrument is inoperative as a conveyance because of uncertainty and indefiniteness in the description of the land.

5. *Evidence impeaching witness.*—Evidence of previous contradictory statements of a witness introduced for the purpose of impeaching such witness, who had testified on direct examination as to certain statements of plaintiff's intestate, if admissible for such purpose, cannot be treated as original evidence of the facts of the case, nor be received for any other purpose than that of impeaching the witness.

APPEAL from Talladega Circuit Court.

Tried before the Hon. LEROY F. BOX.

This cause was revived in the name of plaintiff Jones, as administrator of one George, who had brought suit through his attorney Thomas Hayden, for certain land in the town of Talladega. George claimed title through a deed from McMillan. This deed when offered in evidence bore marks of mutilation. The bill of exceptions recites: "This witness (Thomas Hayden) having testified on direct examination, in explanation of the mutilation of the deed, that said George had stated to witness that he cut the due bill endorsed or written on the back of the deed out of the deed, in order to

[Jones, Adm'r, v. Pelham et al.]

preserve the due bill, not thinking such cutting would injure
the deed or affect its validity, for the purpose of laying a
predicate to contradict the witness', counsel, for the defense
asked the witness the following question, to-wit:   Did you
not in a conversation in the court yard in Talladega during a
recess of the court and while you were counsel for   .   .
C. H. George, when talking to George W. Parsons about
the present suit state to said Parsons that Charles H. George
had told you, (witness) since the pendency of this suit as an
explanation as to how the deed became mutilated that he,
George, had cut the note of Charles Pelham, written on back
of deed, out and thrown the deed aside as worthless."
Plaintiff objected to question but objection was overruled.
"The witness answered that he made no such statement
to George W. Parsons at that time or at any other time.
George W. Parsons was then examined as a witness to
contradict the statement of Thomas Hayden, and for the pur-
pose of contradicting Hayden, said Parsons was asked if
Hayden in the court house yard had stated to him that George
had told him (Hayden) as above stated in question to wit-
ness Hayden, that he had cut the due bill of Charles Pelham
out of the deed, and thrown the deed aside as worthless, and
witness answered that, said Hayden did make such declara-
tion to him at the time and place mentioned."     Objection
to question and motion to exclude answer overruled
"The testimony further tended to show that there was en-
dorsed on the back of the deed from McMillan to George, a
due bill from Charles Pelham and the appearance of the deed
indicated that this due bill had been cut out of the deed at
one time and afterwards pasted back.

Boswell, the co-defendant of Pelham, defended possession on
the ground of purchase of the property from the State and a
deed from the Probate Judge of Talladega Probate Court,
after a tax sale and purchase by the State of the property of
Charles Pelham, at which, he contended, the property in
controversy was sold.   Boswell further contended that the
possession of the property by Pelham had been and was adverse
to the claim of George.   The defendant Pelham disclaimed
posession at the time of, and subsequent to, commencement
of suit.   Among other charges to the jury given by the
court at the request of defendant Boswell, was the following;
"If the evidence shows you that prior to the commencement
of this suit, Charles George mutilated the deed to him from
McMillan and said in relation thereto, that he mutilated it to
14

[Jones, Adm'r, v. Pelham et al.]

preserve a due bill or note written on the back of it and that he had thrown aside the remainder of this instrument as of no value, you may look to such' facts in connection with all the evidence in deciding whether Pelham had paid George for the lot, if the evidence shows you that Pelham ever owed anything to George for the lot."

The opinion states all other facts necessary for its understanding.

KNOX & BOWIE, for appellant, cited *Woodruff v. Winston*, 68 Ala. 412; *Wilkinson v. Roper*, 74 Ala. 140; *Hughes v. Wilkinson*, 35 Ala. 453; *Guilmartin v. Wood*, 76 Ala. 209; Blackwell on Tax Titles, 133 *et seq.*, 424, 425; Burroughs on Taxation, 203-7; *Tilman v. White*. 2 Comstock Rep. 66; *Blount v. Strong*, 60 Ala. 572.

PARSONS & PARSONS, for Boswell.

BISHOP & WHITSON, for Pelham.

CLOPTON J.—As a general rule, a party's own declarations, made in the absence of his adversary, cannot be admitted as evidence for him. An exception to the general rule is, that the declarations of one in possession of property, explanatory of the possession, may be received in evidence as constituting a part of the *res gestæ*. His declarations, however, respecting the source of his title, and not explanatory of the possession, are inadmissible. The defence of the statue of limitations having been set up to the present suit, it was necessary for the defendants to show adverse possession under claim of right during the statutory period. For this purpose, the declarations of Pelham, while in possession of the property, that he owned it were admissible in a proper case, as explanatory of his possession, and as showing an adverse claim. But there is evidence tending to show, that he went into possession as the tenant of George, plaintiff's intestate, or by his permission.

If such be the fact, his assertion of an independent hostile claim must be brought to the knowledge of George, by whose permission he entered into possession, in order to put the statue of limitations in operation. *Wells v. Shearer* 78 Ala. 142. His declaration of ownership, made in the absence of George, are not admissible evidence of such fact; and in order that they may be received as evidence of the assertion

of an adverse claim for the purpose of putting the statue of limitations in operation against George, if Pelham went into possession by his permission, they should have been connected with proof offered or proposed to be offered, that such assertion was brought home to him. In the absence of such evidence, or of an assurance that such evidence would be subsequently introduced, they should not have been admitted for the purpose of the defence of the statue of limitations.

The testimony of Parsons, if admissible for the purpose of impeaching the witness Hayden, which we do not decide, could not be received for any other purpose. The court, however, seems to have considered and treated his testimony of the statements of Hayden, as original evidence of the facts, which Parsons testified, Hayden had stated to him; for such facts constitute a part of the hypothesis of one of the charges, in which the jury were instructed they might look to them in connection with all the evidence in deciding whether Pelham had paid George for the lot.

In assessing lands for taxation, the statute in force at the time the lot in controversy was assessed, provided, that they should be described as follows: if an entire section, by the number of such section; if a sub-division of a section, by a designation of such sub-division; if less, or other than a sub-division, by the number of the lot, or other lands by which it is bounded; and in cases of lands surveyed, and laid out as a town, a plat of which is recorded in the office of the judge of probate; if the track be a whole lot or block, by the designation of the number thereof, and if it be a part of a lot or block, by its boundaries, or some other way by which it may be known.—Acts 1868, 297. The purpose of the statute is, that the description in the assessment should be sufficiently definite and certain to inform the owner that his property is assessed for taxation, and the purchaser at the tax sale what property he is buying. In the assessment of the lot in controversy, it is described as "a house and lot on Battle street in the town of Talladega," as the property of Pelham. The evidence shows that Pelham owned another house and lot on the same street, in which he resided, and adjoining the lot in question. The description affords no data by which to ascertain what house and lot on Battle street is intended. The assessment is void for uncertainty. *Wilkinson v. Roper*, 74 Ala. 140; *Hannell v. Smith*, 15 Ohio, 134; Blackwell on Tax Titles, 423; Burrows on Taxation, 203. In a conveyance between individuals where the pur-

pose is to explain and give operation to the intention of the parties, certainty may be imparted to the deed by parol evidence, that the particular land was designated, and that the grantee was put into possession. But this rule does not apply to tax titles, with which the owner has nothing to do, and there being no intention to which operation can be given. The assessment is the foundation of all subsequent proceedings, and in order to impart certainty and validity to them, the description of the land must be sufficiently definite and certain, as not to require resort to extrinsic proof, unless the description in the assessment furnishes the means of more exact identification by the aid of such evidence.—*Keane v. Cannovan*, 21 Cal. 291; *Driggers v. Cassaday*, 71 Ala. 529. While actual occupancy of a part of a tract of land, into the possession of which a party has entered under claim and color of title, draws constructive possession of the entire tract described in the conveyance, if the color of title is inoperative as a conveyance, by reason of uncertainty in the description of the lands, the possession is limited to the part actually occupied.—*L. & N. R. R. Co. v. Boykin*, 76 Ala. 560. Neither the assessment nor the certificate of the Auditor, nor the tax deed, was admissible in evidence, either as operating a conveyance of the title, or as color of title.

Reversed and remanded.