JACKSON v. SLOMAN.

1. TAXES—DESCRIPTION OF LANDS—SUFFICIENCY.

A description of lands which would be sufficient in a conveyance between individuals is not necessarily so in proceedings for the levy and collection of taxes.

2. SAME.

An assessment of lots included in a recorded plat of the "F. & P. M. Park subdivision of part" of a designated fractional section of land is void for discrepancy of description, where they are assessed as part of the "F. & P. M. subdivision of part of N. E. ¼ of" such fractional section.

*Certiorari* by Alfred Jackson to review the action of the auditor general in issuing certain certificates of error upon the application of Eugene H. Sloman. Submitted April 6, 1898. Affirmed May 17, 1898.

*Cyrus A. Hovey*, for petitioner.

*Fred A. Maynard*, Attorney General, and *Sloman & Groesbeck*, for respondent.

HOOKER, J. Sloman was the owner of certain lots in the city of Detroit, which were assessed as "lots numbered 3, 4, 35 [and many others, whose numbers were given] of the F. & P. M. subdivision of part of N. E. ¼ of fractional section 17, T. 2 S., R. 11 E., lying south of and adjoining Chicago road, according to plat thereof, township of Springwells, county of Wayne, and State of Michigan." The recorded plat of which these lots are a portion is the "F. & P. M. Park subdivision of part of fractional section 17, T. 2 S., R. 11 E.," as appears from the return. These lots were sold for the taxes of 1893. Subsequently they were sold and deeded by the auditor general to Jackson. This occurred on March 20, 1897. On his attention being called to the discrepancy between the description in the deeds and that of the plat, by the county treasurer, who requested a cancellation of the deeds to Jackson, the auditor general wrote a letter to the county treasurer, saying that the records in his department showed that the land had been sold and deeded, and that it did not seem that there was a material difference in the way it was returned and the recorded plat. On being informed of this letter, Sloman wrote to the auditor general, under date of March 22, 1897, whereupon the auditor general determined that the descriptions were erroneous, and issued certificates of error, and notified Jackson of the facts; offering to return the purchase price.

We are cited to section 25 of Act No. 206 of the Public Acts of 1893 for the requirements of the law in the matter of description of land in assessment rolls and other tax

proceedings. Subdivision 4 of said section permits description of city property by reference to the plat thereof, and by the number of the lot. Subdivision 6 provides that "lands may be designated by any description by which they may be known." So far as appears from this record, the description under consideration complies with neither of these provisions; and if it be said that the description is one that is sufficiently definite to afford means of ascertaining the lands intended, and therefore good as between private parties, it may be replied that we cannot know this from the record, which expressly shows that no evidence was offered upon the subject. We should, however, note a distinction between cases upon conveyances between private persons, arising out of a sale and intentional transfer, and those where title is sought to be divested through tax proceedings. The requirements as to the description in tax proceedings are not only aimed at securing an identification of the property that will be certain, but are designed to afford notice to the owner that proceedings affecting his property are pending. The description should therefore be such as not to mislead him, if it departs from strict accuracy as stated by statutory rules. This was indicated in the recent case of *Auditor General* v. *Sparrow*, 116 Mich. 574. Mr. Black, in his treatise on Tax Titles, at page 141 (§ 112), says:

"Again, the opinion has been advanced that a description which would be sufficient in a conveyance of land between individuals will be sufficient in a tax assessment, and that it is in accordance with the requirement of certainty if it is capable of being rendered certain; parol evidence being admissible in aid of identification. But, as Judge COOLEY very justly observes, 'it is possible for cases to arise in which such a criterion would be an unsafe one to apply. In a deed which one executes for the purpose of conveying a particular description of land, if errors of description occur they may well be rejected, and the deed sustained, if, after rejecting them, a sufficient description remains to identify the land intended, because the erroneous circumstances which were added could not have misled the party conveying, who all the time had in

mind a particular parcel which the erroneous particulars did not fit. But the same errors in a description prepared by another might very likely mislead the owner, who would be informed of no error, and who must, from the description alone, discover what land was intended. The same may be said of any imperfection in the description. The owner, if it has been prepared by himself, will read it in connection with his own knowledge of those surrounding circumstances in the light of which he has framed it; but an equally imperfect description, prepared by another, and unaccompanied by any such circumstances, would fail to convey to his mind any idea that his own land was intended. It certainly would be much less likely to do so than where he himself had formulated it.'" Cooley, Tax'n, 404.

Again, in *Jones* v. *Pelham*, 84 Ala. 208, it was said:

"In a conveyance between individuals, where the purpose is to explain and give operation to the intention of the parties, certainty may be imparted to the deed by parol evidence that the particular land was designated, and that the grantee was put into possession. But this rule does not apply to tax titles, with which the owner has nothing to do, and there being no intention to which operation can be given. The assessment is the foundation of all subsequent proceedings, and, in order to impart certainty and validity to them, the description of the land in the assessment must be sufficiently definite and certain as not to require resort to extrinsic proof of the character above mentioned."

See, also, *People* v. *Mahoney*, 55 Cal. 286.

We are aware that there is great diversity of opinion upon this subject, the decisions of some of the States being very strict, and others liberal, in their constructions of statutes prescribing the descriptions in tax proceedings; but in our opinion the rule stated above is a reasonable one, and the action of the auditor general was fully warranted, under the facts stated.

The proceedings are affirmed, with costs.

The other Justices concurred.