AUDITOR GENERAL v. SMITH.

TAXATION — ASSESSMENT — DESCRIPTION OF PROPERTY — UNCERTAINTY—REASSESSMENT—VALIDITY.

Where an assessment described the property as the center 22 feet of a certain lot, and the tax was charged back to the county by the auditor general because of the indefiniteness of the description, a reassessment of the tax pursuant to a resolution of the board of supervisors providing for a levy on the same land on which it was originally assessed was invalid, though containing a definite description, since the description in the first assessment was too indefinite to form the basis of a tax.

Appeal from Muskegon; Russell, J. Submitted December 6, 1900. Decided January 29, 1901.

Petition by Roscoe D. Dix, auditor general, for the sale of lands delinquent for taxes: On objections filed by Armenia H. Smith. From a decree for petitioner, contestant appeals. Reversed.

*Charles B. Cross*, Prosecuting Attorney, for petitioner.

*Smith, Nims, Hoyt & Erwin*, for contestant.

MOORE, J. Mrs. Smith is, and has been since November, 1897, the owner of the following described land:

"Commence at a point on the northerly end of lot two (2) of block eight (8), according to Newell's enlarged and corrected map of the village (now city) of Muskegon, of record in the office of the register of deeds for said county, at a point which is twenty-one and one-half (21½) feet southwesterly from the northeast corner of said lot two (2); run thence southeasterly, and parallel with the easterly side line of said lot two (2), to the alley at the rear end of said lot; thence run southwesterly, along said alley, twenty-two and one-half (22½) feet; thence northerly, and parallel with said easterly side line of said lot, to the north line of said lot, on Western avenue; thence easterly, along the north end line of said lot, twenty-two and one-half (22½) feet, to the place and point of beginning of this description."

A tax history furnished by the office of the auditor general shows that an assessment was made of the center 22½ feet of lot 2, block 8, and that from 1840, up to and including 1891, the taxes assessed thereto had been paid. The taxes of 1892 and 1893 were not paid, and were charged back to the county as indefinite by the auditor general. In 1895 the assessment was made "center 22 feet of lot 2." The taxes were not paid, and the land was returned to the office of the auditor general. Before buying the land, Mrs. Smith caused a letter to be written the auditor general, calling his attention to the situation, and closing by inquiring, "Under these circumstances, shouldn't the tax of 1895 be rejected, as well as that of

1892 and 1893?" The auditor replied, "If the taxes are not paid, they will be canceled, and charged back to the county for reassessment." June 30, 1897, the auditor general charged the taxes back to the county because the description was indefinite. In October, 1897, the board of supervisors passed the following resolution:

"*Resolved*, that all rejected taxes of the city of Muskegon contained in Schedule AA, reported by said committee, be levied on the same land on which they were originally assessed, where so designated on said Schedule AA, —the same not having been rejected for the reason that said lands were not subject to assessment for such tax, nor that the taxes thereof had been paid, nor that there had been a double assessment thereon,—and that the remainder of the State and county rejected taxes contained in said Schedule AA be spread at large upon the taxable property of said county."

The assessing officer, in reassessing this rejected tax of 1895 upon the assessment roll for 1897, assessed it as follows: "Easterly 22½ feet of westerly 44½ feet of lot 2, block 8, Newell's enlarged and corrected plat." The taxes of 1897 were paid, except this reassessed tax of 1895, which is contested on the ground that it is illegal and void.

Upon the trial, against the objection of Mrs. Smith, other portions of the tax roll for 1895 were introduced in evidence, reading as follows:

"Tax Roll No. 101.   Landreth, J. H.   Westerly 22 feet lot 2.

"Tax Roll No. 102.   E. B. Mather.   Center 22 feet lot 2.

"Tax Roll No. 103.   Mather, Mrs.   Easterly 21½ feet lot 2."

It is insisted by counsel that, taking the three descriptions into consideration, it appears that the center 22 feet of lot 2 is the same as the corrected description made by the assessor upon the roll of 1897, and that there is no trouble in the identification of the property as being the same; citing *Auditor General* v. *Sparrow*, 116 Mich.

574 (74 N. W. 881), and cases cited therein. An exam-
ination of those cases shows that the questions involved
were as to whether certain abbreviations used were law-
fully used. The court held they had a certain and well-
understood meaning, so that their use did not make the
description of the property indefinite. The case at bar is
more like the case of *Detroit Young Men's Soc.* v.
*Mayor, etc., of Detroit,* 3 Mich. 172. In that case the
society was the owner of a building known as "Young
Men's Hall," with the land on which it was erected. The
property was assessed as follows:

Young Men's Society—Gov. & J. P.
Jeff. Av. N. 45 feet—W. pt. lot 11, Sec. 1, ⎫ B. 2____ $13,000
                      & E. pt. lot 10, Sec. 1, ⎭

The court, in disposing of the case, said:

"The property of the plaintiffs, consisting of parts of
two city lots, should have been 'described by its bound-
aries, or in some other way by which it may be known.'
Subdivision 4, § 23, Act No. 86, Laws 1853. It was
described in the assessment and tax rolls as 45 feet on
Jefferson avenue, 'W. pt. lot 11, Sec. 1, and E. pt. lot 10,
Sec. 1,' etc., without designating the number of feet on
each of said lots. By such a description the property can-
not be known. No person could fix its boundaries or
determine its locality. It is entirely uncertain, and the
assessment of the tax is therefore void."

A like question was also discussed in *Jackson* v. *Slo-
man,* 117 Mich. 126 (75 N. W. 282), where the court said:

"We should, however, note a distinction between cases
upon conveyances between private persons, arising out of
a sale and intentional transfer, and those where title is
sought to be devested through tax proceedings. The re-
quirements as to the description in tax proceedings are
not only aimed at securing an identification of the property
that will be certain, but are designed to afford notice to
the owner that proceedings affecting his property are
pending. The description should therefore be such as not
to mislead him, if it departs from strict accuracy as stated
by statutory rules.    *    *    *

"Again, in *Jones* v. *Pelham,* 84 Ala. 208 (4 South. 22),
it was said:

" 'In a conveyance between individuals, where the purpose is to explain and give operation to the intention of the parties, certainty may be imparted to the deed by parol evidence that the particular land was designated, and that the grantee was put into possession. But this rule does not apply to tax titles, with which the owner has nothing to do, and there being no intention to which operation can be given. The assessment is the foundation of all subsequent proceedings, and, in order to impart certainty and validity to them, the description of the land in the assessment must be sufficiently definite and certain as not to require resort to extrinsic proof of the character above mentioned.'

"See, also, *People* v. *Mahoney*, 55 Cal. 286.

"We are aware that there is great diversity of opinion upon this subject, the decisions of some of the States being very strict, and others liberal, in their constructions of statutes prescribing the descriptions in tax proceedings; but, in our opinion, the rule stated above is a reasonable one, and the action of the auditor general was fully warranted, under the facts stated."

In this case no one can tell from the description whether the center 22 feet of the lot running east and west is intended, or whether it is the center 22 feet running north and south. The assessment is too indefinite to be the basis of a tax.

The decree is reversed, and a decree will be entered here in favor of appellant.

The other Justices concurred.