GAGE *v.* CITY OF SAGINAW.[1]

1. TAXES—PAYMENT—DURESS.

    A payment of taxes on land to enable the owner to effect a sale
    no demand of payment or threat of levy having been made,
    is not an involuntary payment.

2. SAME—VOLUNTARY PAYMENT—RIGHT TO RECOVER.

    The only right to recover a void tax voluntarily paid is that
    given by 1 Comp. Laws, § 3876, under which the payment
    must have been made to a city or township treasurer under
    written protest, and suit brought within 30 days thereafter.

3. SAME—DEFENSES.

    But it is no defense to an action under such statute that the
    . tax was paid solely to facilitate a sale of the premises.

4. SAME—REASSESSMENT—AUTHORITY.

    Authority to reassess a tax must proceed from the board of
    supervisors.

5. JUDGMENTS—PROOF—ENROLLED DECREE.

    Where a record on appeal shows the introduction in evidence
    of an enrolled decree, which is set out in full, reciting the
    presence of both parties by counsel, it cannot be said that the
    adjudication was not sufficiently proved.

Error to Saginaw; Snow, J. Submitted December 6,
1900; opinion filed (for affirmance) January 29, 1901.
Rehearing granted June 24, 1901; reargued October 25,
1901; former order reversed December 3, 1901.

*Assumpsit* by Alice B. Gage against the city of Sagi-
naw to recover taxes paid under protest. From a judg-
ment for defendant on verdict directed by the court, plain-
tiff brings error. Reversed.

*William G. Gage* (*Camp & Brooks*, of counsel), for
appellant.

*Henry E. Naegely*, for appellee.

---

[1] The original opinion in this case was withheld from publication
pending a rehearing.

GRANT, J.    Plaintiff's real estate in the defendant city
was taxed in 1894.    The taxes were set aside by the court
in 1897.    The same were reassessed in 1899.    Plaintiff
was negotiating a sale of this property, and for that pur-
pose desired these taxes paid, and the alleged cloud upon
her property in consequence thereof removed.    For this
purpose she applied to the city treasurer to pay them, and,
as well, those of 1897 and 1898.    The treasurer had made
no threats of levy or demand for payment.    He had only
published the prescribed notice in regard to the payment
of taxes.    She, with her husband, went to the office of
the city treasurer to pay.    What there occurred appears
from her husband's testimony as follows:

" *Q.* And that you wanted to pay them under protest ?
"*A.* I went there to make a formal protest against the
payment of the taxes, and said to Mr. Messner, ' Mr. Mess-
ner, my wife is here, and I wish you to make demand upon
her for the taxes of '94, reassessed in 1899, and the taxes of
1899; it is desired to pay them under protest;' and that is
in substance what I said to him.    I then introduced him
to my wife, and stated that before her and Mr. Messner.
I don't remember what he did say."

The court directed a verdict for the defendant.

The direction was right.    The case is ruled by *Weston*
v. *County of Luce*, 102 Mich. 528 (61 N. W. 15).

The other Justices concurred.

ON REHEARING.

HOOKER, J.    The plaintiff was owner of a lot in Sagi-
naw numbered 51, upon which there were unpaid taxes,
assessed in 1894, 1897, 1898, and 1899.    The cause was
before us at the October, 1900, term, when the judgment
was affirmed.    It is now made to appear that the taxes for
1894 had been decreed invalid by the circuit court, but
they were afterwards reassessed, and appeared upon the
roll for 1899, and were paid to the city treasurer.    Nego-
tiations were entered into by her for the sale of these prem-

ises, and, as the circuit-judge instructed the jury, in order that she might consummate such sale, which she could not do with the taxes unpaid, she caused them to be paid, those for 1899, including the reassessed tax, to the city treasurer, and those for 1897 and 1898 to the county treasurer, each payment being accompanied by a protest. This action was then seasonably brought against the city of Saginaw to recover the amount so paid. A verdict was directed in favor of the defendant, and the plaintiff has brought the case here by a writ of error. Her contentions are:

1. That the taxes were all void, and that they were involuntarily paid, and that the city is liable for the portion of them that came to its possession.

2. That as to the tax of 1899, including the reassessment, she had a statutory right to pay under protest and bring her action, under section 3876 of the Compiled Laws.

The taxes were none of them paid under duress. The court so finds, and we think his conclusion the only one which could have been legitimately drawn from the proof. That is a sufficient answer to the claim for the taxes paid to the county, for there is no right to recover a void tax voluntarily paid, from either county or city, except it be paid to the township or city treasurer under section 3876. This is held in *Weston* v. *County of Luce*, 102 Mich. 528 (61 N. W. 15).

Conceding that the payments made to the city treasurer were made for the purpose merely of facilitating a sale of the premises, such payment under protest was one which the statute gave the right to make. The object of the statute was apparently intended to permit the owner of property to avoid the inconvenience, and the State the expense, of unwarranted proceedings to collect the tax, by encouraging early action to be taken while the fund is still in the hands of the municipality receiving it, to test the taxpayer's liability, as intimated in *Weston* v. *County of Luce*. This statutory right was an unqualified one, and if we might possibly hold that it should not extend to

one who should pay a tax which he was bound to know was not colorably valid,—which we do not mean to intimate,—the right does not depend upon the character of the annoyance or inconvenience which leads him to avail himself of the provisions of this statute in ordinary or doubtful cases. There is some force in the suggestion that this construction of the statute makes it possible to annoy the townships with cases of this character for speculative purposes, but that is a reason for abrogating the law that should be addressed to the legislature, rather than to the courts. This leaves the questions relating to the sum paid to the city treasurer upon the roll of 1899.

The tax for the year 1894 was held void by the decree of the circuit court. It is said that this was not proved. The decree recites the presence of both parties by counsel, and, being a decree of a court of record, duly enrolled with the petition and presumably other papers, constituted the record, which was sufficient. See *Thayer* v. *McGee*, 20 Mich. 195.

It appeared that a reassessment was made without authority of the board of supervisors, lot 51 not being included in the list of lands contained in its resolution. It would seem to follow that the reassessment was void for this reason, if not for want of authority on the part of the supervisors to order the reassessment of a void tax. The court held this tax valid.

There are some questions relating to the validity of the tax for the year 1899, but, as none of these appear to have been passed upon by the circuit court, and the questions should be determinable under our previous decisions, we omit discussion of them here.

The judgment is reversed, and a new trial ordered.

MONTGOMERY, C. J., MOORE and LONG, JJ., concurred. GRANT, J., did not sit.