POWERS v. CORRY.

1. TAXATION—DESCRIPTION—DEEDS—ERROR IN CONVEYANCE.
   The description of lands in a tax deed as the "south 27 acres bounded north by the ⅛ line, east by a road and James Gaze, south by road and John Cary, west by ¼ line, section 16," etc., was not void for uncertainty as to the owner whose deed whereby he secured his title to the real property had a similar description, and whose property was assessed on the basis of the same description for a period of several years: Act No. 169 Session Laws of 1869, authorizing an assessment by reference to lands by which a parcel was bounded.

2. SAME—EQUITY—CONVEYANCES.
   A description should afford means of identifying the land and be sufficient so as not to mislead the owner.

Appeal from Allegan; Padgham, J. Submitted November 5, 1914. (Docket No. 158.) Decided March 18, 1915.

Bill by Charles Powers against John Corry and another to set aside a tax title. From a decree for defendants, complainant appeals. Affirmed.

*Richard L. Newnham*, for appellant.

*Ira C. Montague*, for appellee Corry.

*Ethol W. Stone* and *Grant Fellows*, Attorney General, for appellee auditor general.

McALVAY, J. Complainant is the owner of certain lands situated in the village of Douglas, county of Allegan. In 1901, the auditor general of this State duly filed a petition as the beginning of proceedings under the laws of this State for the sale of what is claimed to be the premises in question, for delinquent

taxes, which proceedings progressed in due course to a decree, sale, and report of sale, which was finally made May 10, 1902, all of which proceedings are by stipulation conceded to have been regular and according to law. The premises in question were bid off to the State of Michigan. On April 30, 1908, the auditor general sold the same to defendant John Corry, who later gave due notice to complainant under the statute that he would be entitled to a reconveyance upon making payment of the amount specified. Complainant forthwith filed his bill of complaint in this cause against defendant John Corry and later, by stipulation, joined the auditor general as a defendant. Complainant's claim is that the description set forth in defendant Corry's tax deed and notice of redemption is not a description of the premises owned by him; that the sale by the State to Corry was void; that, being apprehensive that he would take proceedings to enforce his pretended tax claim against complainant's premises, he prayed the court to adjudge him as owner of the premises in question and to restrain defendant Corry from taking proceedings to obtain a writ of assistance, and to decree his tax claim invalid and void. An issue was joined upon the bill of complaint and answers of both defendants. The cause was heard, and a decree dismissing the bill of complaint duly entered. From this decree complainant has appealed.

There is little dispute as to the material facts in this case. The complainant, on June 26, 1886, acquired his title to these premises by a conveyance from Ann S. Knight and Milton L. Knight, her husband, to him, in which the portion of the description necessary to quote reads as follows:

"The west part of lot two in section sixteen (16), township three (3) north, of range sixteen (16) west, according to the United States survey, being twenty-seven acres, more or less, and known as the Jonathan

Wade farm; bounded on the east by Poppewell and Gaze lot and road; north by D. and J. Gerber lot, west by Ensign Bartlett, Foley and Bennett lots, and south by section line."

The grantors in this conveyance warranted only as against their own acts. The instrument contained the following express agreement:

"Nevertheless, it is understood that the above-described premises are sold and deeded subject to a mortgage of two thousand dollars payable to Mrs. E. J. Frye, and to taxes and tax liens."

Shortly after his purchase, complainant caused Frank Kirby, a storekeeper who lived in the village of Douglas, to write for him to the county treasurer relative to taxes on this property the following letter:

"DOUGLAS, ALLEGAN COUNTY, MICH., 7-20.
"HEIN LANKHEIT.
"*Dear Sir:*
"I am requested to write you what the taxes are on the property assessed to J. M. Brown, village of Douglas, Dudleyville plat, 27 acres.
"Yours truly,
"FRANK KIRBY."

The county treasurer replied to this letter as follows:

"July 21, '6.
"MR FRANK KIRBY,
"Douglas, Michigan.
"*Dear Sir:*
"Yours of the 20th is at hand. The parcels assessed to J. U. Brown on the '85 roll are lots 3-5 block 1, Spencer's addition village of Douglas, '8 tax $11.27. Then lots 3-5 block 1 Spencer's addition village of Douglas, tax of '85, $8.60, bounded north by 8th line, east by Gaze, south by road and Carey, west by quarter line on section 16-3-16, 1882 tax bid off for State, can be redeemed for $128.64. 1883 tax withheld, can still be paid, amount now due $34.25. 1884 tax $37.10. 1885 tax $28.60. Total $248.46. The above amount includes interest and charges till July, 1886, inclu-

sive. To pay it with the above amount the money must be paid in here before the end of July.

"Very respectfully,

"HEIN LANKHEIT, County Treasurer."

Complainant then wrote the county treasurer as follows:

"DOUGLAS, 7—24—1886.

"MR. LANKHEIT.

"*Sir:*

"As I am the purchaser of the 27 acres of land that is known as the Wade farm, I want to pay the taxes. I got Mr. Kirby to write to you. I want to pay the taxes for the years 1883, 1884, 1885, which I see by your figures is $99.95. Please send tax receipt for each year, and oblige.

"CHARLES POWERS."

The record shows that on July 26th, following, the county treasurer acknowledged receipt of the above letter and inclosed tax receipts Nos. 982, 983, and 984, as requested, together with a small balance, from which it appears complainant had sent the treasurer $100.

Defendant Corry, on April 29, 1908, became the purchaser of all of the rights of the State in and to:

"The following described lands situate in the county of Allegan in said State, which were bid off to the State for the taxes assessed thereon in the year 1882, to wit, the south twenty-seven acres bounded north by one-eighth line, east by road and James Gaze, south by road and John Carey, west by one-quarter line, section sixteen, town three north, range sixteen west," for which he paid the sum of $231.51 to the State treasurer.

Said defendant afterwards caused to be served upon complainant, as grantee under the last recorded deed in the regular chain of title of said land, the statutory notice that he would be entitled to a reconveyance of said lands on complying with the terms of such notice. The regularity of this notice and that it was duly served is not questioned.

There appears to be but one question to be determined in this case, and that is whether the description under which these premises were sold for taxes and as contained in the tax deed is void by reason of uncertainty.

To show the exact location of complainant's premises and understand these descriptions, which are so vital to this case, a consideration of the provisions of the statute in force at the time the tax in question was assessed, providing how real estate may be described by the supervisor, and a plat of the premises, will be illuminating. The statute referred to was subdivision 3 of section 23, of Act No. 169, Laws of 1869, which reads:

"(3) If the tract be less or. other than such subdivision, it may be described by a designation of number of the lot, or other lands by which it is bounded, or in some way by which it may be known."

The plat is Exhibit 3 taken from the record and was used upon the hearing. It was evidently drawn from the description of the premises found in the deed under which complainant derived title.

The material portion of the description contained in complainant's deed reads as follows:

"The west part of lot two in section sixteen, township three north, of range sixteen west, according to the United States survey, being twenty-seven acres, more or less, and known as the Jonathan Wade farm, bounded east by Poppewell lot and Gaze lot and road, north by D. and J. Gerber lot, west by Ensign Bartlett, Foley and Bennett lots, and south by section line."

Applying this description to the plat, we find with the aid of testimony appearing in the record, which is made necessary by the description itself, no difficulty whatever in locating the premises marked with complainant's name. The ownership and identity of the distinct lots and parcels of land and the road surrounding three sides of complainant's land are fixed, in fact, are admitted, as is also the section line bounding the premises on the south. These are the premises, and this is the description of the same upon which complainant relies for title.

The description in defendant Corry's tax deed, necessary to be quoted, reads:

"The south twenty-seven acres, bounded north by one-eighth line, east by a road and James Gaze, south by road and John Carey, west by quarter line, section sixteen, town three north, range sixteen west."

This description also requires certain testimony to identify certain parcels of land surrounding it. It is located on section 16, town 3 north, range 16 west. It is bounded on the east by road and James Gaze, which is clearly fixed by testimony. We turn to the south line, described "south by road and John Carey," and find the evidence shows a section line road and a small piece of land in the southeast corner containing one-half acre well known to complainant, who also testified that many men had lived on it. It is not shown as occupied by Carey. Turning to the west line, we find a quarter line of section 16. The east, south, and west lines are therefore fixed with reasonable certainty.

This description begins, "The south twenty-seven acres." Complainant contends that the north eighth line mentioned must be taken as the north line of the "south twenty-seven acres." The record shows that these four boundaries would include a parcel of land containing more than 27 acres. The tax deeds call for the south 27 acres and for only 27 acres. Consequently, the eighth line, if considered as the north boundary line of a parcel which includes the south 27 acres, makes a description which is reasonably and fairly certain and not calculated to mislead the owner.

In regard to the certainty and sufficiency of the description required for the validity of a tax deed, the rule is laid down in Cooley on Taxation (2d Ed.), p. 407, as follows:

"A more satisfactory rule would seem to be that 'the designation of the land will be sufficient if it afford means of identification and do not positively mislead the owner,' or be calculated to mislead him" —cited in *Auditor General* v. *Fleming*, 142 Mich. 12, 16 (105 N. W. 71).

Applying this rule to the instant case, we find that the complainant was not misled by it, having paid the delinquent taxes on his premises for the years 1883, 1884, and 1885, assessed under practically the same description, at which time he had knowledge from the county treasurer that the sale for 1882 bid in to the State, though delinquent, could be redeemed for a stated amount.

In our opinion the description in the tax deed is clearly within the provisions of Act No. 169, Laws of 1869, *supra*. All doubt as to whether this description applies to complainant's land is removed if the description in the tax deed be laid upon the plat of complainant's property, when it is found to coincide exactly with the description in complainant's title deed, except that the tax deed calls for only the south

27 acres and complainant's deed calls for 27 acres, more or less.

Evidently the taxes in question were rejected and reassessed in 1882, and appellant in his brief in this court makes some claim that there was irregularity in these proceedings. The record shows a stipulation in the case which admits the regularity of the proceedings which culminated in the sale to the State of these premises for the tax in question, which concludes complainant from raising the question on this appeal.

The record does not disclose any equities on behalf of complainant. He purchased these premises subject to "taxes and tax liens," and when he, desiring to pay such taxes, afterwards made inquiry of the county treasurer as to the amount of taxes delinquent on these premises, he was informed in writing of all such taxes, including the tax in question in this suit. He made payment in full of all such delinquent taxes, except the one in question. The record shows that he testified he did not know why he did not pay these taxes at that time.

Defendant Corry holds a regular conveyance by tax deed from the State of all its interest in the premises which the learned trial judge in his opinion filed in this case correctly stated the complainant may acquire upon payment to defendant Corry of the amount required by law in order to obtain a reconveyance, which is all said defendant has ever demanded.

The decree of the circuit court is affirmed, with costs against complainant to be taxed.

BROOKE, C. J., and STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred. KUHN, J., did not sit.